## Morgan *against* Van Ingen.

THIS was an action on the case to recover the amount of a promissory note paid by the plaintiff. The cause was tried at the *Rensselaer* circuit, in May, 1806, before Mr. Chief Justice *Kent*. One *Marvel Ellis* made his note, dated the 5th October, 1796, payable to *Woodworth*, or order, twelve months after date. *Woodworth* indorsed the note to the plaintiff, who indorsed it to *Atkinson*,

---

ALBANY,
Feb. 1807.

Morgan
v.
Van Ingen.

* Doug. 215.
1 Strange,
114.
2 Term, 225.

A notary on protesting a note for non-payment, is not bound to give notice to all the indorsers. If he promise the holder to give notice to the indorsers, so as to enable him to recover his money, and he give notice to the second indorser, but not to the first, & the holder af-

ALBANY,
Feb. 1807.

Morgan
v.
Van Ingen.

terwards reco-
vers the full a-
mount of the
second indor-
[* 205]
ser, the notary
is not liable on
that promise,
to the second
indorser, for
not having gi-
ven notice to
the first indor-
ser.

* 1 Levinz,
210. 3 Bos.
& Pull. 149.
† Vol. 1. p.
140.

by whom it was held, when it became due. When the note was due, *Atkinson* delivered it to the defendant, who is a public notary, and requested him to demand payment of the note of the maker, and, in case of non-payment, to protest it, so as to charge the several indorsers. Payment was accordingly demanded by the defendant, and was refused. Notice of this refusal was given to the plaintiff [*]but not to *Woodworth*, the first indorser. The plaintiff was sued by *Atkinson*, and was obliged to pay the whole amount of the note. It appeared in evidence, that the agent of *Atkinson* told the defendant, when he made the protest for non-payment, to do every thing requisite to charge the indorsers, and he would pay him; the defendant said he had done all that was necessary to charge them. The judge being of opinion that the plaintiff was not entitled to recover, ordered him to be called, and a nonsuit was entered.

*Foot*, for the plaintiff, now moved to set aside the nonsuit. He contended that the defendant ought to have given notice to *Woodworth*, as well as to the other indorser. Having undertaken to do this for a valuable consideration, he must be answerable for his neglect. The promise, though made to *Atkinson*, will enure to the benefit of the plaintiff.* It was decided in the case of *Schermerhorn* v. *Vanderheyden*,† in this court, that when one person makes a promise to another, for the benefit of a third person, such third person may maintain an action on the promise.

*Van Vechten*, contra. It is not the duty of a notary to give notice to the indorsers, unless he has promised to do so. But the only question is, can *Morgan*, the present plaintiff, make *Van Ingen* liable on such a promise to *Atkinson*. The defendant undertook to make a demand, and to give notice so as to enable *Atkinson* to recover his money. He has done so. *Atkinson* has recovered the full amount of the note. The defendant has fulfilled his promise, and can be no further responsible. When

a subsequent indorser receives notice of the non-payment of a note, he ought to give notice to the prior indorsers if he means to look to him, and not trust to the holder's giving such notice.‡

*Foot*, in reply. The defendant undertook to give notice to all the indorsers, and the plaintiff having an interest in the contract, that he might have recourse against *Woodworth*, ought to be allowed to avail himself of this promise of the defendant.

[*] *Per Curiam.* The defendant, as a *notary*, was bound only to demand payment of the note, and to make his protest in case of non-payment. It was no part of his official duty to give the notice to the indorsers. His special undertaking to *Atkinson*, that he would give such notice, will not enure to the benefit of the plaintiff. The promise was to *Atkinson*, who has no further claim or demand, nor any cause of action against the defendant, since he has been paid the full amount of the note.

Rule refused.