NEW YORK,
May, 1826.

Kelley
v.
Hurlburt.

Where two were concerned together as partners; but the business was done in the name of one; and it was not generally known that they were partners; held, that the other was a dormant partner.

And where the acting partner made a contract to pay for goods within the scope of their former partnership; this being after actual dissolution; though no public notice had been given of the dissolution; and it not appearing that the vendors ever had any dealings with the firm, and they never having heard of its existence; held, that the dormant partner was not liable.

Where a partnership is publicly and notoriously known, all the partners are responsible for the contracts of each, within the scope of the partnership, until public notice of the dissolution is given; but it is otherwise, of a dormant partner    Actual dissolution, without notice, will protect him.

KELLEY and CLAWSON against HURLBURT and STUART.

ASSUMPSIT tried at the Cayuga circuit, September 10th, 1824, before THROOP, C. Judge; when a verdict was taken for the plaintiffs subject to the opinion of the court upon a case; and with leave to either party to turn it into a special verdict. The facts are stated in the opinion of the court.

*D. Kellogg*, for the plaintiffs.

*S. Wood*, contra, cited 4 Esp. Rep. 89, 91; Doug. 371.

*Curia*, per SUTHERLAND, J. The plaintiffs sold 652 dollars and 61 cents worth of goods, wares and merchandizes to Simeon Hurlburt, one of the defendants, in May, 1823. At the time of the sale, nothing was said about Hurlburt's having a partner, and the plaintiffs being ignorant of that fact, took the individual note of Hurlburt for the amount of the goods sold, payable in six months. Hurlburt having failed, and the plaintiffs having learned that Stuart had been concerned with him in trade, they commenced their suit against them as partners, for the goods sold to Hurlburt. On the trial, they produced the note given by Hurlburt, and offered to cancel it.

The evidence clearly establishes the fact, that a general partnership was formed between the defendants in 1815; and that no public notice of the dissolution of that partnership had ever been given. It was not limited in its duration, by the original terms of the agreement, except that, at the end of ten years, a division might be made, if the parties wished it.

One of the witnesses testified that the existence of the partnership was a matter of general notoriety since 1818; and repeated declarations of Stuart that he was interest-

ed in the store, were proved, though the business was always conducted in the name of Hurlburt alone. Another witness testified that he had been a clerk in Hurlburt's store; and that though many persons knew of the partnership between the defendants, he did not believe that it was generally known. I think the weight of evidence is in favor of the opinion of this witness.

The dissolution of the partnership was alleged to have taken place in November, 1822; and, although some of the evidence to establish that fact was improperly admitted, (being the declarations of the defendants themselves, and objected to by the plaintiffs,) still, I think, the fact, that a dissolution did then take place, is satisfactorily made out by competent evidence; and it seems to have been as generally known, and as much the subject of conversation, and some of the witnesses say more so, than the partnership itself.

Upon this state of facts, the question arises, whether Stuart is responsible for the goods sold to Hurlburt after the partnership was dissolved; the plaintiffs never having had any previous dealings with the firm, and never having heard of its existence.

I am inclined to think, that Stuart must be considered a dormant partner; and, as such, not liable for any debts contracted by Hurlburt after the partnership was dissolved, although no notice of the dissolution was published. The business was carried on in the name of Hurlburt alone; and although it was known to some, and believed by others, that Stuart was concerned with him, that knowledge or belief was by no means general, even in their immediate neighborhood; and cannot reasonably be considered as laying a foundation for the presumption, that the credit of Hurlburt was increased by it. It appears affirmatively in this case, that the plaintiffs never knew or suspected that Hurlburt had any partner, until long after the goods in question were sold to him.

Stuart undoubtedly is jointly liable with Hurlburt for all partnership debts contracted before the dissolution. He was entiled to a share in the profits and is responsible for the debts. But he can be held responsible upon contracts

subsequently made by Hurlburt, only on the ground tha he was guilty of an omission of duty, in neglecting to give notice, of the dissolution.   Now, if he was a dormant partner his name not appearing in the firm, and not publicly known as concerned in the house, notice that the partnership was dissolved would seem to be a work of supererogation.   The credit of the house was not increased by his connexion with it, for it was not known.   There is no room, therefore, for the presumption that the public were misled by the omission to give notice of the termination of the partnership.

In *Evans* v. *Drummond*, (4 Esp. Rep. 90,) it was held by Lord Kenyon, that a partner whose name does not appear in the firm is only liable for goods furnished during the time he receives a share of the profits, *unless he has been known to be a partner;* in which case he shall be liable for subsequent contracts, unless he has given notice of his quitting the concern.   The case was decided on another point; but Lord Kenyon expressly ruled that it was incumbent on the plaintiff to show that Drummond, the dormant partner, was known publicly in in the partnership, as (he remarked) there must be some publicity of his situation, to which the plaintiff might be presumed to trust; otherwise he could only be charged during the time he was actually a partner, and was receiving the emoluments and profits of the business.   (Doug. 371, 373.)   In the case of a partnership publicly and notoriously known, all the partners are responsible for the contracts of each within the scope of the partnership until public notice of the dissolution is given.   (2 John. 204.   6 John. 144.)   The reason of the distinction between the two classes of cases is obvious.

I am therefore of opinion that the defendants are entitled to judgment.

*Judgment for the defendants.*