ALBANY,
Feb. 1827.

Graves
v.
Merry.

GRAVES and OTHERS *against* MERRY and GILBERT.

ASSUMPSIT on a promissory note; tried at the *Oneida* circuit, *October*, 1825, before WILLIAMS, C. Judge; when the following facts appeared :

The defendants executed a promissory note, on the 19*th* of *March*, 1824, dated that day, and payable to the plaintiffs, by the style of *Graves, Griffin & Co.*, for $537, on which was endorsed a payment. On the 3*d* of *December*, 1823, *Griffin*, one of the plaintiffs, signed a note, of that date, *Graves, Griffin & Co.*, payable to the order of *John Johnson & Sons*, of the city of *New-York*, for $472,65; and on the 11*th* of *October*, 1824, it was endorsed by them to the defendants, *without recourse.* The plaintiffs, *Graves, Griffin & Hickox*, had been partners in trade at *Paris*, in *Oneida* county; but by agreement in writing, dated and executed *April* 1*st*, 1823, dissolved their partnership. On the same day, a notice of dissolution signed with their names at length, was published in the *Utica Gazette*, printed in the county of *Oneida*, and put up at several places in the neighborhood of their reisdence. The notice stated that the business would be continued by *Graves & Griffin*, under a firm of that title; and they immediately after carried on business accordingly, at the place of the old firm. The plaintiffs did no business afterwards as partners. The defendants had knowledge of the dissolution, before the note was given to *Johnson & Sons*.

In *October*, 1824, the note to *Johnson & Sons* was shown to *Hickox*, who said it was an honest debt against the firm; but they could not avow it, as they could not then pay their old debts; that they must have the amount due from the defendants, to pay their bank debt; and the defendants ought not to have bought the note. After this, *Graves* said the plaintiffs intended to sue the defendants so quick that they could not set off the *Johnson* note. Three notes had been signed *Graves, Griffin & Hickox*,

General notice in the gazette of the dissolution of a partnership is sufficient, as to all persons who have had no previous dealings with the firm. But as to those with whom the firm has dealt, such constructive notice is not enough. Actual notice must be shown; otherwise, as to these, the act of one of the former firm in the partnership name, will bind all the former partners. An authority to one partner, to sign notes in the partnership name, for debts of the firm, may be implied from circumstances. From what circumstances such authority may be inferred.

in the handwriting of *Graves*, in *October* and *November*, 1823.

The defendants relied on the note to *Johnson & Sons* as a set off; and a verdict was taken for the plaintiffs, subject to the question whether it was admissible.

*C. P. Kirkland*, for the plaintiffs. One partner cannot bind another in any case after dissolution, even by giving a note for a previous debt of the firm. (The cases cited in 2 *John. Dig. new ed.* 169, 70.) The cases there cited also show, that the notice of dissolution in this case was sufficient.

*H. R. Storrs*, contra. Admitting the dissolution and notice to have been perfect, there is evidence in the case of an implied authority to each member of the firm, still to execute partnership notes for the old debts of the firm. (3 *Esp. Rep.* 6. 1 *id.* 61. 1 *Campb.* 485. 1 *John. Cas.* 110. 2 *Stark. Rep.* 290. 5 *B. & A.* 447. 2 *John.* 307. 1 *Caines*, 184.)

But we stand in the place of the payees, *Johnson & Sons*. With them the plaintiffs had dealings before their dissolution. *Johnson & Sons*, therefore, were not affected by a constructive notice in the newspaper. As to them, the plaintiffs continued partners till actual notice was given. None is proved to have been given at any time.

*Curia, per* WOODWORTH, J. The question to be decided, is, whether the note signed by *Joel Griffin*, in the co-partnership name, to *Johnson & Sons*, was obligatory on all the plaintiffs.

In the notice of set off, it is stated that the defendants would, on the trial, give in evidence, that on the 3d of *December*, 1823, certain persons, under the name of *John Johnson & Sons*, were partners in the city of *New-York*, and that the plaintiffs on that day, at *New-York*, made a promissory note, the hand writing of one of them being thereto subscribed ; and thereby promised to pay *John Johnson & Sons*, or order, one day after date, $472,65, with interest, which was endorsed to the defendants on the 11th of *October*, 1824.

At the trial, a note of this description was given in evidence without objection. The case states that the defendants proved that the signature of the note was in the hand writing of *Joel Griffin ;* and that it was indorsed• *to the defendants by the payees.* From this statement I infer that the payees composed a firm in the city of *New-York.*

If the note was valid against all the plaintiffs, when in the hands of *Johnson & Sons,* the defendants are entitled to the benefit, for they acquired the right of the payees. Whether the defendants had knowledge or not, of the dissolution, at and before the giving of the note, is perfectly immaterial. The contract in favor of *Johnson* was negotiable. Whether prosecuted in their names, or that of an indorsee does not affect the question of liability.

A further enquiry is, was the note of *3d December,* 1823, given for a debt contracted at that time, or previous to the dissolution of the partnership ? This is a material fact. There is nothing expressly stated in the case on this point. If the cause had been submitted to the jury, one question would have been, whether the evidence warranted the inference, that the note was given for a debt contracted during the existence of the partnership ? On the finding of this fact, would in part depend the question, whether the notice of dissolution was published in such a manner as to affect *Johnson & Sons* with notice ? As the verdict is subject to the opinion of the court, we may draw the same conclusion from the facts proved, that the jury might have done.

I incline to think that, during the acknowledged existence of the partnership, the plaintiffs became debtors to *Johnson & Sons.* I infer this from the fact proven, that the plaintiffs did no business of any kind, as partners, after their dissolution in *April,* 1823 ; that *Hickox* admitted it as a joint debt against the firm, and spoke of it as an old debt ; and the remarks of *Graves,* who does not seem to question their being indebted ; but rather that the defendants could not avail themselves of a set off. I should certainly understand the witness, who said the plaintiffs did

no business as partners after the dissolution, as affirming that no new co-partnership debt was contracted.    As then, it is evident, from all the testimony, that the plaintiffs were debtors, at some time, to *Johnson & Sons*, it is necessarily referred to a period prior to the dissolution, in *April*, 1823.

If, then, the facts are established, that the payees of the note were merchants residing in *New-York*, that the plaintiffs, while partners, became indebted to them, and afterwards one of the firm gave a note for the debt in the co-partnership name, the question of law arises, whether *Johnson & Sons* had notice of the dissolution when the note was executed.    No other notice as to the payees is pretended, except the publication in *Utica*.

The rule seems to be, that notice in the newspapers, of the dissolution of a partnership, is sufficient notice to all persons who have had no previous dealings with the firm. This doctrine was recognized as reasonable and just, in *Lansing* v. *Gaine & Ten Eyck*, (2 *John.* 304.)    It has received repeated sanction in the English courts. The case of *Graham* v. *Hope*, (*Peak. N. P. Cas.* 154,) is directly in point.    The defendants had been in partnership when the plaintiffs sold them goods.    Afterwards the partnership was dissolved ; and notice given in the *London Gazette*; and after this notice, the plaintiffs sold and delivered the goods for which the action was brought. Lord *Kenyon* held, that the *Gazette* was not of itself sufficient notice to the plaintiffs.    He laid it down as a general rule, that it was incumbent on persons dissolving a partnership, to send notice of such dissolution to all the persons with whom they had dealings in partnership.    In *Ketchum* v. *Clark*, (6 *John.* 144,) this question was considered.    Mr. Justice *Van Ness*, in giving the opinion of the court, observed, that it had not been settled by any decision in this court, when a partnership is to be dissolved, so as not to bind the co-partnership by a new contract. He thought, we ought at least to go so far as to say, that public notice must be given in a newspaper of the city or county where the partnership business was carried on ;

ALBANY,
Feb. 1827.

Graves
v.
Merry.

that public notice in some reasonable manner must be given; and that would conclude all persons who have had no previous dealings with the firm; but as to persons in the habit of dealing with the firm, public notice was not sufficient by the English law. The necessity and justice of these rules, in that case, received the sanction of this court. It follows that *Johnson & Sons*, having dealt with the plaintiffs previous to the notice of the dissolution, cannot be affected by it. Although the giving of the note was a new contract; yet, until notice of dissolution was given to *Johnson & Sons*, such partner was competent to bind the firm, to all persons not chargeable with notice of such dissolution.

Independent, however, of this ground, I think it may be inferred that *Joel Griffin* acted with the knowledge and assent of the former partners. It is not necessary to prove assent expressly. It may be inferred from circumstances. Perhaps a jury, had this question been submitted to them, might have considered the evidence not satisfactory. I cannot say, that had they found a verdict either way, I should be disposed to set it aside. That, however, is a question not before us; we are called on to decide this fact. Upon mature deliberation, I am satisfied that neither *Hickox* nor *Graves* intended to draw in question the authority to give the note. *Hickox's* admission is express. When he says it was an honest debt against the firm, it must refer to the note; for that was then presented to him. It was an admission that the firm were holden. There is no direct admission by *Graves*. He does not put this objection on the want of authority; but on other ground. If there was no authority, the presumption is, it would have been suggested; because that disposed of the question at once. Instead of doing so, he puts his objections on ground altogether untenable; the commencement of a suit by the plaintiff so quick, as to defeat a set off. This was said after the note was endorsed to the defendants. No matter how soon the plaintiffs prosecuted, they could not, by that act, gain any advantage. The right to a set off was valid, provided the plaintiffs were liable on the

note. From the facts, I think the court are warranted in presuming the assent of *Graves.* The defendants are entitled to judgment for $7, 54, being the excess of their note over the plaintiffs' demands.

Judgment for the defendants.