I do not understand the counsel for the appellant to deny that, in order to deprive the continuing firm of the power to bind a retiring partner by new contracts with those who have been in the habit of dealing with the old firm, such dealers must have some kind of actual notice of his retirement. (Collyer on Partn., § 533, by Perk.; Davis v. Allen, 3 Comst., 172; Vernon v.Manhattan Co., 22 Wend., 183; S.C., 17 id., 526; Graves
v. Merry, 6 Cow., 701; Conra v. Port Hen. Iron Co., 12Barb., 54; Parsons on Cont., 144; Cary on Partn., 182.) Where the partnership has been kept a secret, one whose connection with the firm was wholly unknown until after his retirement, *Page 288 
would not be affected by transactions that took place after he retired with those who had no knowledge of his previous connection. (Davis v. Allen, supra; Kelley v. Hurlburt, 5Cow., 534; Carter v. Whalley, 1 B. and Ad., 11; Farrar
v. Deflinne, 1 Car. and K., 580, Collyer, § 536.) It is not to be presumed that credit was given upon the responsibility of an unknown and dormant partner. But the case is different with an ostensible partner. Those who deal with a firm are supposed to have given credit to all who hold themselves out to the world as members of the firm; and I think this presumption arises, primafacie at least, without showing affirmatively that such dealers had actual knowledge as to who constituted the firm. It is upon the presumption, that persons accustomed to trade with the old firm rely upon the responsibility of all of its ostensible members, that the outgoing partner is liable without notice. And, as an inference from this, it is contended that where no credit has been given in such former dealings, no actual notice is necessary; and, as to such customers, like those who have had no dealings with the old firm, a notice by publication is sufficient. If this be so, and by credit here is intended forbearance of a debt, then one who knew who were the former members of the firm, and had extensive cash dealings with them without giving credit, would not be entitled to actual notice, as against an outgoing partner. Where all the transactions were without credit, and the names of all the members of the firm did not appear by the style of the firm, as the customer would have no interest in knowing who constituted the firm, such dealings would probably afford less evidence that such person knew who they were. But if it should be proved that he knew who were the members of the old firm during his dealings with them, it may at least be questionable, whether he is not entitled to notice, although he has never been a creditor of the old firm. The credit on the faith of the partnership, mentioned by some writers, I suppose to mean, confidence *Page 289 
in the solvency and probity of the firm, and not necessarily an agreement for the forbearance of some debt.
But suppose it must appear that time for payment had been extended to the old firm, I do not think it is necessary there should be an express contract to that effect. If it must, the plaintiff should not have recovered in this case; for the evidence is quite clear that there was no agreement for credit. But the plaintiffs did wait some months for the two bills made before Mr. Platt Rogers retired. These items were so small that it is not probable the plaintiffs made any inquiry respecting this firm on account of them. Still, within the cases, we cannot say the plaintiffs are not to be deemed prior dealers with the firm. (Vernon v. Manhattan Co., supra; National Bank v.Norton, 1 Hill, 572; Wardwell v. Haight, 2 Barb., 549.)
But again; this cause comes to us upon a single exception to the charge of the judge; that if the plaintiffs sold goods to the firm before the dissolution, and delivered them to them to be paid for afterwards, although no term of credit was fixed and the defendants did not pay for them for some months afterwards, such transactions made the plaintiffs dealers so as to entitle them to notice; but that they would not be if it was a mere purchase for cash and payment was made at the time. If the views I have expressed are correct, clearly there was no error in this proposition.
The judgment should be affirmed.
Judgment accordingly.