Denio, J.
The only question in this case arises upon the exception to the charge of the judge to the jury. He instructed them “ that if the plaintiffs sold goods to Rogers & Co. before the dissolution, and delivered the goods to them to be paid for afterwards, though no term of credit was fixed, and the defendants did not in fact pay for them in some months afterwards, such a transaction made the plaintiffs dealers with Rogers & Co., so as to entitle them to notice of the retirement of Platt Rogers.”
The only dealings between the parties prior to the retirement of the defendant, Platt Rogers, were the two small parcels of goods sold in November, 1847, and in May, 1848. The clerk of Rogers & Co., who made the purchases, swore that they were for cash, but he did not pretend that they were paid for at the time of the respective purchases. On the contrary, it was shown that the amount of the first purchase was paid about six months after it was made, and the other in about seven months. The direct testimony, therefore, that the purchases were made for cash, if the witness *286 meant by that expression that the money was to be paid upon the delivery of the goods, was contradicted by the fact that the several demands rested in account for a considerable period. In this state of the proof, I think the judge was right in submitting it to the jury, whether an indefinite credit was not given, or, in the language of the charge, whether the goods were not purchased to be paid for after-wards. It must be conceded that there was no agreement for any specified period of credit, and that the plaintiffs might have required payment immediately. But if they consented to part with the possession of the goods and charge them in account, a credit, indefinite as to time and depending upon the will of the vendors, was given. Such transactions I apprehend are common, especially among retail and small dealers, and I think the sales are not the less made upon credit because no definite time of forbearance is agreed upon. If the vendor parts with the property sold and takes the promise of the purchaser for future payment, he relies upon the personal responsibility of the latter and substitutes a cause of action for the property itself. If I am correct in this, it follows that the sale of those small parcels of goods by the plaintiffs to the former firm was a dealing upon the credit of the latter. What shall constitute a dealing with a firm which will make it requisite to give a personal notice of the withdrawal of a partner, has not often been the subject of discussion. The question was considered in Vernon v. Manhattan Co. (22 Wend., 183); but that case does not, in its particular facts, bear very strikingly upon the present question. We are disposed, however, to adopt the rule laid down in that case by the chancellor : He said that the word dealing, when used in reference to this question, was a general term “to convey the idea that the person, who is entitled to actual notice of the dissolution, must be one who has had business relations with the firm by which a credit is raised upon the faith of the copartnershipand he refers to Bell’s Commentaries, where it is said that “ a credit *287 already raised on the faith of the partnership is presumed .to be continued on the same footing, unless special notice of a change shall be given.” (2 Bell’s Comm., 640.) It follows that a purchase strictly for cash would not constitute a dealing within the rule; for a person selling under such circumstances would have no occasion to inquire who the partners were, or as to their responsibility. But, as before remarked, I am of opinion that a credit was given in this case, though it was not for any definite time; and this brings it within the rule stated by the chancellor. This case does not afford a very striking exemplification of the policy of the rule; for the dealing was so limited in amount that there is no great reason to believe that the plaintiffs would have taken the trouble to ascertain who the partners were. We cannot, however, say positively that they did not. The rule requiring notice proceeds upon a general presumption, that one giving credit to a mercantile firm does so upon the responsibility of the individual partners; and we cannot annex to it a distinction based upon the amount of the credit, without destroying that certainty which is essential to its utility.
The judgment of the court of common pleas should be affirmed.
Hand, J.
I do not understand the counsel for the appellant to deny that, in order to deprive the continuing finn of the power to bind a retiring partner by new contracts with those who have been in the habit of dealing with the old firm, such dealers must have some kind of actual notice of his retirement. (Collyer on Partn., § 533, by Perk.; Davis v. Allen, 3 Comst., 172; Vernon v. Manhattan Co., 22 Wend., 183; S. C., 17 id., 526; Graves v. Merry, 6 Cow., 701; Conra v. Port Hen. Iron Co., 12 Barb., 54; Parsons on Cont., 144; Cary on Partn., 182.) Where the partnership has been kept a secret, one whose connection with the firm was wholly unknown until after his retirement, *288 would not be affected by transactions that took place after he retired with those who had no knowledge of his previous connection. (Davis v. Allen, supra; Kelley v. Hurlburt, 5 Cow., 534; Carter v. Whalley, 1 B. and Ad., 11; Farrar v. Deflinne, 1 Car. and K., 580, Collyer, § 536.) It is not to be presumed that credit was given upon the responsibility of an unknown and dormant partner. But the easels different with an ostensible partner. Those who deal with a firm are supposed to have given credit to all who hold themselves out to the world as members of the firm; and I think this presumption arises, prima facie at least, without showing affirmatively that such dealers had actual knowledge as to who constituted the firm. It is upon the presumption, that persons accustomed to trade with the old firm rely upon the responsibility of all of its ostensible members, that the outgoing partner is liable without notice. And, as an inference from this, it is contended that where no credit has been given in such former dealings, no actual notice is necessary; and, as to such customers, like those who have had no dealings with the. old firm, a notice by publication is sufficient. If this be so, and by credit here is intended forbearance of a debt, then one who knew who were the former members of the firm, and had extensive cash dealings with them without giving credit, would not be entitled to actual notice, as against an outgoing partner. Where all the transactions were without credit, and the names of all the members of the firm did not appear by the style of the firm, as the customer would have no interest in knowing who constituted the film, such dealings would probably afford less evidence that such person knew who they were. But if it should be proved that he knew who were the members of the old firm during' his dealings with them, it may at least be questionable, whether he is not entitled to notice, although he has never been a creditor of the old firm. The credit on the faith of the partnership, mentioned by some writers, I suppose to mean, confidence *289 m the solvency and probity of the firm, and not necessarily an agreement for the forbearance of some debt.
But suppose it must appear that time for payment had been extended to the old firm, I do not think it is necessary there should be an express contract to that effect. If it must, the plaintiff should not have recovered in this case; for the evidence is quite clear that there was no agreement for credit. But the plaintiffs did wait some months for the two bills made before Mr. Platt Rogers retired. These items were so small that it is not probable the plaintiffs made any inquiry respecting this firm on account of them. Still, within the cases, we cannot say the plaintiffs are not to be deemed prior dealers with the firm. (Vernon v. Manhattan Co., supra; National Bank v. Norton, 1 Hill, 572; Wardwell v. Haight, 2 Barb., 549.)
But again; this cause comes to us upon a single exception to the charge of the judge; that if the plaintiffs sold goods to the firm before the dissolution, and delivered them to them to be paid for afterwards, „ although no term of credit was fixed and the defendants did not pay for them for some months afterwards, such transactions made the plaintiffs dealers so as to entitle them to notice; but that they would not be if it was a mere purchase for cash and payment was made at the time. If the views I have expressed are correct, clearly there was no error in this proposition.
The judgment should be affirmed.
Judgment accordingly.