TOURNADE v. HAGEDORN.

*Partnership — who is a partner — dormant partner — liability of.*

M entered a firm upon the understanding that he was to be a special partner, with limited liability. He paid a specified sum toward the capital stock, upon which he was to receive legal interest and one-fourth of the profits. The statute in relation to limited partnerships was not complied with, but M's name did not appear in the firm, and he took no part in the management of the business. M was induced to enter the firm by the fraudulent representations of his partners, and withdrew as soon as he discovered the fraud. *Held*, that M was a general partner, and as such was liable for the contracts of the firm while he so remained.

APPEAL by defendant, Anton G. Methfessel, from an order at the special term, sustaining a demurrer to appellant's answer.

The action was brought by Jules G. Tournade and another against Edward Hagedorn and others, among whom was the appellant above named, upon a promissory note given by the firm of Hagedorn & Rhode, in their firm name. The complaint alleged that the firm was composed of the defendants. The defendants other than the appellant did not answer. The appellant set up that he had been induced to enter into the partnership by the fraudulent misrepresentations of the other defendants ; that the agreement was that appellant should only be liable as special partner; that his name did not appear in the firm; that he took no part in the management of its business; that plaintiffs, when taking the note, relied wholly upon the credit of the other partners; and that when appellant discovered the fraud of his partners, he immediately rescinded the partnership agreement, and instituted proceedings to dissolve the firm and settle its business.

To this answer the plaintiffs demurred, upon the ground that the answer did not state facts sufficient to constitute a defense.

Such other facts as are material, appear fully in the opinion.

*Julien T. Davies & James McNamee*, for appellant. The agreement by appellant being procured by fraud, his acts done thereunder did not make him actually a partner. Story on Part., § 6; Pars. on Part. 457; *Wilson* v. *Foree*, 6 Johns. 110; *Mead* v. *Bunn*, 32 N. Y. 275; *Fogg* v. *Johnston*, 27 Ala. 432; *Harvey* v. *Howell*, 5 Ark. 270; *Hynes* v. *Stewart*, 13 B. Monr. 432; *Mason* v. *Connell*, 1 Whart. 381; *Clermont* v. *Tasburgh*, 1 Jac. & W. 112; *Rawlins* v. *Wickham*, 3 De Gex & J. 304; *Tattersall* v. *Grote*, 2 Bos. & Pul. 135; *Pillans* v. *Harkness*, Colles, 442; *Jauncey* v. *Knowles*, 29 L. J. Ch. 95; *Charlesworth* v. *Jennings*, 34 Beav. 96; *Attwood* v. *Small*, 6 Cl. & F. 395. Appellant was not by the agreement or his acts estopped from denying the existence of the partnership. *Jewett* v. *Miller*, 10 N. Y. 406 ; *Malony* v. *Horan*, 12 Abb. N. S. 292; *Lawrence* v. *Brown*, 5 N. Y. 401, 403; *Irvin* v. *Conklin*, 36 Barb. 68. Nor is he so estopped by any subsequent act. *Hogan* v. *Weyer*, 5 Hill, 390 ; *Moyer* v. *Shoemaker*, 5 Barb. 322. The admission of a receipt of profits alone will not make appellant a partner. *Manhattan Brass M. Co.* v. *Sears*, 45 N. Y. 797 ; *Leggett* v. *Hyde*, Daily Reg. Oct. 3, 1874; Story on Part., § 36; *Post* v. *Kimberly*, 9 Johns. 502; *Sage* v. *Sherman*, 2 N. Y. 427; *Burckle* v. *Eckhart*, 3 N. Y. 138; *Berthold* v. *Goldsmith*, 24 How. 542; *Loomis* v. *Marshall*, 12 Conn.

69; *Cox* v. *Hickman*, 8 H. L. Cas, 268; *Shaw* v. *Galt*, 16 Irish L. R. 357 ; *Holme* v. *Hammond*, L. R. 7 Exch. 218 ; *Bullen* v. *Sharp*, 1 L. R. C. P. 86.

*Snead, Grimball & Rives*, for respondents.

DANIELS, J.   The answer showed that the defendant was induced by the fraud of the other defendants, to become a member of their partnership firm.    For that purpose he was to contribute as capital the sum of $20,000, and to receive seven per cent interest upon it, together with one-fourth of the net profits of the business after it should be all paid in.    The understanding was that he should become a special partner, with a liability not exceeding the amount which he was required to contribute.   But the provisions of the statute upon that subject were in no respect complied with, and for that reason, as he took no part in the management of the business, and was not publicly held out as a partner in it, he became upon the contribution of his capital, a general, dormant or secret partner. For that purpose the contribution of his capital united with the right to share in the profits of the business was sufficient.   *Manhattan Brass Co.* v. *Sears*, 45 N. Y. 797 ; *Ontario Bank* v. *Hennessey*, 48 id. 545 ; *Kelley* v. *Hurlburt*, 5 Cow. 534.

As a dormant partner he became liable upon and bound by the contracts entered into by the firm, in the ordinary and usual course of its business during the time he continued to sustain that relation to it.   *Robinson* v. *Wilkinson*, 3 Price, 538 ; *United States* v. *Binney*, 5 Mason, 176, 187, 188 ; *Winship* v. *Bank of U. S.* 5 Pet. 529. In the last case the chief justice in his opinion affirming the general principle governing partnership transactions, stated that a man who shares in the profits, although his name may not be in the firm, is responsible for all the debts, and the acting partner has power to transact the whole business of the firm, whatever that may be, and consequently to bind his partners in such transaction as entirely as himself.   Id. 561.

Before the fraud was discovered by means of which the defendant was induced to become a member of the firm, the debt in controversy was contracted on its account.    And it is not denied but that it was properly within the business carried on by the firm. Afterward the defendant discovered the fraud and took measures to rescind the agreement under which he became one of its mem-

bers. But that was too late to affect the rights of the plaintiffs. For the firm had then become liable for the payment of the debt, and that included the liability of all its members, whether known or unknown to the creditors. The effect of the purchase and receipt of the property and the execution and delivery of the firm note for the price rendered all its members liable from that time, and neither by any act of his own could afterward discharge himself without satisfaction, unless the creditors assented to such discharge. Rescinding the agreement existing between the defendant and his partners could not be attended with such a result.

The case of *Mason* v. *Connell*, 1 Whart. 381, sustains no principle exonerating the defendant. For it was held on the trial of that action that "if the partnership was subsisting at the time of the indebtedness of the defendants then there is nothing in the defense." Id. 388. And that was sustained by the decision finally made in the case by the court. In this respect it did not differ from *Wood* v. *Connell*, 2 id. 542, which originated in a similar transaction. The charge in both was stated to be the same. Id. 563. And both cases were disposed of in the same way.

This principle was further sustained by the cases of *Rawlins* v. *Wickham*, 1 Giffard, 355 ; S. C. affirmed, 3 De Gex & Jones, 304 ; *Henderson* v. *Royal British Bank*, 7 Ell. & Bl. 356 ; *Daniell* v. *Royal British Bank*, 1 Hurls. & Norm. 681 ; 2 Lindl. on Part. (2d ed.), 937, 938, 941.

Rescinding the agreement existing between himself and his partners did not have the effect of discharging the defendant from liability upon the contract previously made between the firm and the plaintiffs. He still continued bound for the performance of that obligation, although as between themselves his partners might be liable to indemnify him against its consequences. The effect of the rescission was necessarily limited to the persons who were parties to the agreement rescinded. It did not and properly could not include contracts by which all of them had become bound for their performance to third persons. The answer, therefore, contained no defense, and the order sustaining the demurrer to it should be affirmed, with costs.

*Order affirmed.*