James N. Austin, Respondent, *v.* Nelson Holland, impleaded, etc., Appellant.

A retiring partner is liable for services rendered subsequent to the dissolution of the partnership by an agent in its employ at that time, and who, thereafter, without notice of the dissolution, continues under the same apparent employment.

Publication of notice of the dissolution of a partnership in a newspaper, at the place where the business is carried on, is not sufficient to relieve a retiring partner from liability for subsequent transactions in the firm name with one having dealings with the firm prior to the dissolution; in such case notice must be brought home to the dealer, or it must appear that facts came to his knowledge sufficient to advise him, or to give him reason to believe that a dissolution has taken place.

The mailing of a notice of dissolution, properly directed to the party sought to be charged with such notice, is not sufficient alone to relieve the retiring partner; it raises a presumption of notice, but one which may be repelled by proof that the notice was not in fact received.

One H. had been in the employ of the firm of D. B. & Co., of Toledo, prior to its dissolution; he resided at Detroit. Notice of the dissolution was published in the Toledo papers, and a copy mailed to plaintiff, addressed to him at Detroit. The business was thereafter continued in the same firm name. In an action against the members of the original firm, upon a promissory note given in the firm name to H., for services rendered subsequent to the dissolution, H. testified, on his direct-examination, that he never received the notice; on his cross-examination, that he had no recollection of receiving or seeing it, and that if he had seen it he thought he should have remembered it. *Held,* that the question of notice was properly submitted to the jury, and justified a finding that none had been received.

(Argued April 20, 1877; decided May 22, 1877).

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought upon a promissory note, dated August 31st, 1869, made in the firm name of Dillon, Beebe & Co., payable to Horace Loveland.

Defendant Holland alone appeared and answered. He admitted the making of the note, and that plaintiff was the holder, but denied that he was a member of the firm.

Defendants were co-partners in the lumber business under said firm name prior to March 29th, 1869. The principal office of the firm was at Toledo, Ohio. Loveland, who resided at Detroit, was employed by the firm to purchase lumber in the western States and in Canada. The note in question was given in payment for his services to date. A notice of the dissolution was published in the Toledo papers and a copy thereof was mailed to plaintiff at Detroit.

Howland, as a witness for plaintiff on the trial, was asked if he received the notice. This was objected to by defendants' counsel on the ground that, it having been shown that notice was published and a copy mailed to witness, this was sufficient to relieve defendants from liability, and it was immaterial whether the notice was received or not. The objection was overruled and exception taken. The witness answered that he did not. Upon his cross-examination, he testified that he had no recollection of receiving or seeing the notice, and that, if he had, he should have borne it in mind. Defendants' counsel moved for a nonsuit upon the same ground as stated on objection to evidence of non-receipt of notice; also upon the ground that the evidence on the part of plaintiff was insufficient to rebut the presumption of the receipt of the notice; also, that an employee of a firm is not a dealer within the meaning of the law merchant, requiring notice of dissolution. The motion was denied, and said counsel duly excepted. The court submitted to the jury the ques-

tion whether the notice was actually received, to which defendants' counsel duly excepted.

*Esek Cowen*, for the appellant. Loveland was not a dealer with defendants' firm within the rule that dealers with a firm are entitled to actual notice of its dissolution. (*Vernon* v. *Manhat. Co.*, 22 Wend., 183; *Clapp* v. *Rogers*, 12 N. Y., 283; *Wardwell* v. *Haiyht*, 2 Barb., 549.) The judge erred in admitting Loveland's evidence to show that he did not receive the notice mailed to him at Toledo, and in submitting the question of its actual reception to the jury. (*Utica Bk.* v. *Van Geison*, 18 J. R., 485; *Granite Bk.* v. *Ayers*, 16 Pick., 392; *Gawtry* v. *Doane*, 51 N. Y., 84; *Bryan* v. *Baldwin*, 7 Lans., 174; *Smith's Merc. Law*, 87; *Jenkins* v. *Bizzard*, 1 Stark., 418; *Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y., 137.)

*M. I. Townsend*, for the respondent. Notice of the dissolution of a firm, to a former customer or to any one having dealt with it, in order to relieve a retiring partner from future transactions in the firm name, must be practically personal or actual. (3 Kent's Com. [5th ed.], 67; *Nat. Bk.* v. *Norton*, 1 Hill, 572; *Vernon* v. *Manhat. Co.*, 17 Wend., 524; 22 id., 183, 192; *Graves* v. *Murray*, 6 Cow., 701, 705; *Ketchum* v. *Clark*, 6 J. R., 144; *Van Epps* v. *Dillaye*, 6 Barb., 244; *Mech. Bk.* v. *Livingston*, 33 id., 458; *Clapp* v. *Rogers*, 12 N. Y., 287; *City Bk. of Brooklyn* v. *McChesney*, 20 id., 242; *Bank of Comm.* v. *Mudget*, 44 id.; 514.)

Andrews, J. The plaintiff was a dealer with the firm of Dillon, Beebe & Co., so as to entitle him to the protection of the rule which makes a retiring partner liable for subsequent engagements made by his former co-partner in the firm name, with those who had previous dealings with the firm, and who entered into the new transaction without notice of the change in the partnership. In *Vernon* v. *The Manhattan Co.* (22 Wend., 190), the Chancellor said: "The

word 'dealing' is merely used as a general term to convey the idea that the person who is entitled to actual notice of the dissolution must be one who has had business relations with a firm, by which a credit is raised upon the faith of the co-partnership," and this statement of the Chancellor is recited with approval by DENIO, J., in *Clapp* v. *Rogers* (12 N. Y., 286).

There does not seem to be any reason for distinguishing the case of an agent who is in the employment of the firm at the time of the dissolution, and who thereafter, without notice of the dissolution, continues under the same apparent employment, from that of a person who has had mercantile transactions and relations with the firm, as a vendor or otherwise. In each case the credit is presumed to have been given originally upon the responsibility of the individual members of the partnership, and justice requires as much in the one case as the other, that all the members should be bound so long as the partnership may be supposed to exist. (Watson on Part., 384.)

The principal question in this case is, whether Loveland had notice of the dissolution of the firm of Dillon, Beebe & Co., which occurred March 29, 1869, prior to August 31, 1869, when the note upon which the action was brought was made. The firm was engaged in the business of the purchase, shipment and sale of lumber, and its principal office was at Toledo, in the State of Ohio. The plaintiff was employed to purchase lumber in the western States and in Canada, and resided at Detroit. Notice of dissolution was published in the newspapers at Toledo, and a copy was mailed to the plaintiff, addressed to him at Detroit.

Loveland, on his direct examination, testified positively that he never received the notice. On his cross-examination, he stated that he had no recollection of receiving or seeing the notice, and that, if he had seen it, he thought he should have remembered it. The judge submitted it to the jury to find whether the plaintiff received the notice. The defendants' counsel excepted to the submission of the ques-

tion to the jury, on the ground that the jury would not be justified in finding from the evidence that the plaintiff did not receive the notice, and upon the further ground that it was immaterial whether he received it or not; that the mailing of the notice was all that the defendant was required to do to protect him from liability for the subsequent services of the plaintiff.

The publication of notice of the dissolution of a partnership in a newspaper at the place where the business was carried on is notice to all persons who have not had prior dealings with the firm; and, if thereafter one of the partners enters into a contract in the firm name with a new customer or dealer, the other partners will not be bound. The rule is different in respect to persons who have dealt with the firm before the dissolution. The rule in such cases in this State requires that, to relieve a retiring partner from subsequent transactions in the partnership name, notice of the dissolution must be brought home to the person giving credit to the partnership. If, in any way, by actual notice served, or by seeing the publication of the dissolution, or by information derived from third persons, the party, at the time of the dealing, is made aware of the fact that the partnership has been dissolved, the contract will not bind the firm. It is sufficient to exempt the firm from liability that the person so contracting with a partner in the firm name knew or had reason to believe that the partnership had been dissolved, but this must appear and be found by the jury, or else the contract will be treated as the contract of the partnership. (*Ketcham* v. *Clark*, 6 J. R., 144; *Graves* v. *Merry*, 6 Cow., 701; *Vernon* v. *Manhattan Co.*, 17 Wend., 524; id., 22 id., 183; *Nat. Bk.* v. *Norton*, 1 Hill, 572; *Coddington* v. *Hunt*, 6 id., 595; *Clapp* v. *Rogers*, 12 N. Y., 287; *City Bank* v. *McChesney*, 20 id., 242; *Bank of Commonwealth* v. *Mudgett*, 44 id., 514; *Van Epps* v. *Dillaye*, 6 Barb., 244; *Mechanics'* *Bank* v. *Livingston*, 33 id., 458.) In *Vernon* v. *The Manhattan Co.*, the Chancellor says: "But, to exempt the co-partners from liability (on a contract with a previous dealer with

the firm), the jury must be satisfied that the person with whom the new debt was contracted either had actual notice that the co-partnership was dissolved, or that facts had actually come to his knowledge sufficient to create a belief that such was the fact." The same rule is recognized in the other cases cited, and by elementary writers. (3 Kent's Com., 607; Story on Part., § 161; Coll. on Part., § 533; Lindley on Part., 337.) Lindley says: · " Those who have dealt with the firm before a change took place are entitled to assume, until they have notice to the contrary, that no change has occurred. * * If notice, in point of fact, can be established, it matters not by what means, for it has never been held that any particular formality must be observed." In this case, the jury have found that the plaintiff did not receive the notice sent by mail, and had no information of the dissolution of the firm of Dillon, Beebe & Co. prior to the transaction in question. The mailing of notice properly directed to the party to be charged raises a presumption of notice in fact, for it is presumed that letters sent by post to a party, at his residence, are received by him in due course. (Best on Presumption, § 403.) But this is a presumption of fact, and not of law, and may be repelled by proof; and, if the receipt of the· letter in this case was disproved, then the defendant failed to show the actual notice required in order to exempt him from responsibility, and the question whether the letter was received was, we think upon the evidence, for the jury. The learned counsel for the defendant has not referred us to any case which decides that the mailing of a notice of dissolution is in law equivalent to actual notice, and exempts a retiring partner from liability to prior dealers on subsequent engagements in the firm name. Notice by mail of the dishonor of commercial paper is in most cases sufficient by the law merchant to charge an indorser. It is a part of the contract that notice may be given in this way, and it is not material in fixing the liability of the indorser whether he receives it or not.

But we think the rule requiring actual notice of the dis-

solution of a partnership to prior dealers is a part of the law of this State, and should not be departed from. It may subject parties in some cases to inconvenience, but the principle upon which the rule proceeds is that, when one of two parties is to sustain injury from the giving of credit, the one who originally induced it should bear the loss, rather than the one who, without notice of the change, relied upon the continued existence of the partnership. (Story on Part., § 160; Wat. on Part., 384.)

The judgment of the General Term should be affirmed.

All concur, except, MILLER, J., not voting.

Judgment affirmed.