GILBERT FORBES, RESPONDENT, *v.* GEORGE GARFIELD, APPELLANT.

*Partnership — payments made by a surviving partner on a firm note — when they prevent the statute of limitations running in favor of the other partner.*

Where payments are made by one of several partners, after the dissolution of a firm, upon a note given by the firm for goods sold to it, and such payments are received by the payee in ignorance of the fact that the firm has been dissolved, such payments are to be treated as if made by the firm, and prevent the running of the statute of limitations in favor of the other members of the old firm, although they were made without their consent or direction.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*William E. Hobby,* for the appellant.

*J. & Q. Van Voorhees,* for the respondent.

BARKER, J.:

The action is upon a negotiable promissory note made by Newton, Garfield & Co., dated December 7, 1867, for the sum of $400, made payable to the plaintiff or bearer one year after date. The makers were H. G. Newton, George Garfield and R. M. Harwood, who were doing business as produce merchants under the firm name of Newton, Garfield & Co. The consideration was for grain sold and delivered to them by the payee. The referee held as a conclusion of law that the plaintiff was entitled to judgment against all the makers after deducting all payments. The only defendant who appeared and answered was the appellant, who pleaded in bar of a recovery the statute of limitations. Whether the facts as found by the referee sustain this defense, is the only question of importance presented for our consideration. After the date of the note and on the 29th day of April, 1871, the said partnership was dissolved, and by an instrument in writing the assets were transferred to Newton and Harwood, and they agreed to pay its debts and discharge all its obligations. At the time of the dissolution there had been paid upon the note, on the 16th day of April, 1869, thirty-eight dollars and two cents. Business of the same character was continued at the same place by the instaying members, Newton and Harwood, under the name and style of H. G. Newton & Co., for one year, when they dissolved and the business was thereafter continued by Newton, in his individual name, until the 13th of February, 1879, when he failed and made a general assignment for the benefit of his creditors. There was paid by Newton on the note, December 16, 1872, the sum of $102, and on the 11th day of March, 1876, ninety-one dollars and eighteen cents, and on the same day a further sum of fifty dollars, all of which were indorsed upon the note. This action was commenced on the 5th day of March, 1879. The referee found that at the time the several payments were made by the defendant Newton, as already stated, the plaintiff had no knowledge of the dissolution of the firm of Newton, Garfield & Co., the makers of the note, and that he received such payments in

the belief that the firm at that time continued to exist and do business, and that they made such payments.

Payment upon a debt or obligation is, in legal effect, a new promise to pay the same and renews the debt or obligation, and when the statute is pleaded as a defense, the time of making the promise is to be computed as from the time of such payment. As the payee of the note had no knowledge of the dissolution of the firm at the time one of the partners made the payments to him, such payment has the same force and effect as if it had in fact been made with the the consent and by the direction of all the members. To exempt co-partners from liability on a contract made by one of the firm in the name of the firm after dissolution, with a previous dealer with the firm, it must be made to appear that the person with whom the new debt was contracted, or new promise made to pay an existing debt had notice of the dissolution. Lindley says, at page 337 : " Those who have dealt with the firm before the change took place are entitled to assume, until they have notice to the contrary, that no change has occurred." The same rule is laid down by Collier on Partnerships (§ 533), and also by Story (§ 161). This rule has been frequently applied in cases in all essential particulars like the one before us.

In *National Shoe and Leather Bank of the City of New York* v. *Martin Herz* (89 N. Y., 629), the action was upon several indorsements made in the name of Martin Herz and Company, the members of which firm were all made defendants. It appears that prior to its dissolution it did its banking business with the plaintiff, and in the course of it obtained discounts, made deposits and drew checks, as is usual where the relation of banker and depositor exists. After the dissolution, the business was continued at the same place by one of the firm, and he, with the consent of the outgoing members retained the name of the old firm. After the dissolution, the bank continued to discount notes endorsed by the new firm in the name of the old firm, the bank supposing and believing that it was done in the business of the old firm, they having no knowledge of its dissolution ; and it was held that the discount was made under such circumstances as brought the case within the principle, which permits one partner to bind his copartner in dealing under the firm name with one who had no knowledge of the dissolution, and a

recovery in favor of the bank against all the members of the old firm was upheld.

The case of *Sage* v. *Ensign* (2 Allen, 245), is directly in point, the note in suit was executed by the makers in their firm name, and after dissolution one of the partners made a payment thereon. The defense interposed was the statute of limitations, and without giving effect to this payment as constituting a renewal, that defense would have prevailed. The holders of the note insisted that they had no notice of the dissolution at the time the payment was made, and it was held that the payment by one of the firm after dissolution, and before notice, and while the payee was ignorant of it, had the same effect as if it had been made during the continuance of the firm. That as the holder had no notice of the dissolution he had a right to receive the payment as a payment by the firm, and to rely upon it as a partnership act, with all the incidents and legal consequences of such a payment. (See, also, *Austin* v. *Holland,* 69 N. Y., 571; *Tappan* v. *Kimball,* 10 Foster [30 N. H.], 136; *Graves* v. *Merry,* 6 Cow., 701; *Nat. Bank* v. *Norton,* 1 Hill, 572; *Van Epps* v. *Dillaye,* 6 Barb., 244; *Robbins* v. *Fuller,* 24 N. Y., 572.)

The failure of the defendants to give notice to the plaintiff, who had previous dealings with them as partners, that the partnership was dissolved, distinguishes this case from those in which a promise of payment made by one partner after the dissolution of the partnership has been held not to take a case out of the statute of limitations so as to affect his copartnership liability. In principle the case is the same as where a previous dealer with a firm sells and delivers goods to one of the partners after dissolution, without having knowledge of the fact that the firm has gone out of existence, and believing that the transaction was with the same firm.

After a perusal of the evidence pertinent to the question of whether the plaintiff had knowledge of the dissolution of the firm at the time these payments were made, we find no reason for differing with the conclusions reached by the referee. On the trial the defendant offered in evidence the agreement of copartnership entered into between Newton and Harwood, and the same was rejected and the defendant excepted. It was competent to prove that these parties did continue the business at the old place, and the firm name which they assumed, but the terms of the same were

wholly immaterial. The plaintiff made no objection to proof of the fact that a new firm was created, and limited his objection to proof of the contents of the agreement.

Each of the other exceptions taken by the appellant on the trial have been examined, and none of them appear to be well taken.

The judgment should be affirmed, with costs.

SMITH, P. J., and HARDIN, J. concurred.

Judgment affirmed.