Mr. Justice James
delivered the opinion of the court.
This was a suit for malicious prosecution. We gather from the bill of exceptions on the record brought up, without any testimony, that the defendant, Knight, made complaint before the Police Court, charging the plaintiff, Costello, with the forgery of a certain instrument. On the hearing of that complaint, Costello was discharged and released from custody. Thereupon he brought an action *66 against Knight for malicious prosecution. Afterwards an indictment was found against Costello, which indictment it was admitted, was for the same alleged offence. On the trial of that indictment Costello was acquitted. A few days after that acquittal the civil action for malicious prosecution came on for trial, and, in the course of the trial, the record of the indictment, of a proceeding which had been commenced and ended between the bringing of the civil action and its trial, was offered in evidence, objected to and admitted. In reference to the effect of that indictment the court charged the jury, or I should say instructed them upon the effect, in these words :
“The jury'are bound by law to hold that the plaintiff is not guilty of the forgery with which he was charged, if he was acquitted by the verdict of a jury.”
A verdict and a judgment for five hundred dollars damages was recovered against Knight in this civil action, and he has taken his appeal here upon six bills of exceptions.
Changing the order of the propositions as presented in the bills of exceptions, we will notice the prayers of the defendant first. Substantially he asks the court to instruct the jury that this complaint on the preliminary examination, although it ended in the discharge of the prisoner, was not the ending of a proceeding in such a sense as to entitle the defendant in that prosecution to bring his action for malicious prosecution on the general principle that the prosecution must have ended before the action for damages arising from it can be maintained.
It was very strenuously urged that a prosecution before an examining magistrate contemplates in law that there may be a further proceeding, and in legal contemplation it should not be regarded as having come to an end with a discharge on the preliminary examination, because it is always competent to lay the case before the grand jury and to have an indictment, the importance of which was illustrated, as the defendant insisted, by the fact that an indictment was found.
There is abundant authority, however, to support the *67 right to bring an action for malicious prosecution where the case was one of prosecution by complaint before an examining magistrate which ended in the discharge of the prisoner. The reasons for that are apparent on principle. This action for malicious prosecution is brought upon the theory that there has been an abuse of the processes of the law. That is a process of the law which can be abused just as well as an indictment can. And, therefore, a preliminary examination and discharge constitutes on principle a sufficient cause for the action. We need refer only to one case, that of Secor vs. Babcock, 2 John., 204, where a party was arrested and brought before a magistrate on a charge made by the defendant in an action for malicious prosecution, and he was discharged, the action was maintained.
As to the assumption that it was only a part of a process that might go on, we have only to say that there is no connection between the two proceedings. If he had been held to answer before a grand jury the proceeding would have been one connected one, and it would not have been at an end. But here he was discharged and the proceedings before the grand jury were necessarily, in legal effect, entirely independent. There was good ground, therefore, to bring this action so far as the conclusion of the proceedings is concerned on which the action is brought.
The court, however, against the objection and exception of the defendant, admitted the record of the indictment found after this civil action had been brought. All that is shown is that an indictment, on the back of which the defendant Knight appears as one of seven witnesses, has been found against this same party for this same offense.
It must be shown that this defendant had some connection with that indictment, or it is wholly irrelevant, and that should appear in the bill of exceptions. It does not appear by his name being simply on the back of the indictment. He may have been summoned there in invitum and as one of seven witnesses, and we are not to assume that he was the prosecutor; he must be connected with this prosetution as the prosecutor. .
In the English cases that fact would be known perfectly *68 well, because they have a prosecuting witness. We have none; nobody is the prosecuting witness here; he is simply a witness. His proceedings could be shown aliunde; they could be shown, it appears from the authorities, even by the testimony of a grand juror to.show what he did. But it does not appear by the simple introduction of this record that this man, as one of the witnesses, presumably brought there at the instance of the Government, had anything to do with promoting this prosecution. It is not proper that it should be introduced against him for the purpose of proving malice, unless he appears to have been the originator of the proceeding itself. In the argument it was frankly admitted that the only evidence was the record with this indorsement on the back of it. If he was shown to be the promoter or originator it might be evidence of malice in bringing a groundless action, because both elements must appear, that there is a want of probable cause and that, as a matter of fact, it was a malicious proceeding.
In dealing with, this evidence, consisting of the indictment, the court instructed the jury that they were bound by law to hold that the plaintiff was not guilty of the forgery. This indictment is res inter alios so far as concerns the matters of fact which it goes to' establish. ‘It is evidence of the fact of a prosecution and of the fact of an acquittal. But whether the party ought to have been acquitted, whether he was guilty or innocent, it does not determine as between these two parties; and even if it wereprima facie evidence, this defendant had clearly a right to contest that fact. But the court cut him off from it, and held that they were bound to hold that he was absolutely innocent, not of the crimes charged against him in the indictment, but on the preliminary examination. It might be said it would have no particular effect. Clearly it was an error, and its tendency was, in our opinion, to aggravate the damages. The jury could make no other use of it than to hold that a man absolutely innocent had been causelessly prosecuted, and therefore to award higher damages.
*69 There is one other ruling which we think was erroneous. The court instructed the jury that “the length of time that elapsed between the alleged discovery of the forgery by the defendant and the date of the arrest, may be considered by the jury in determining the question of malice and the want of probable cause.”
The jury is authorized to determine what the facts are, but the couri should determine what is probable cause, and this instruction submitted that question to the jury erroneously as we think. This court has so held on this very question in the case of Coleman vs. Heurich, 2d Mackey, 189.
I might add a single remark in regard to a matter that was outside of the record but was discussed. It was claimed that the discharge ordered by the police judge was not prima facie evidence of want of probable cause. There has been some conflict of authority on that point, but there is very good authority for saying that it is prima facie evidence, the principle being very well laid down by Hall, J., in the case of Bostick vs. Rutherford, 4 Hawkes (N. C.) Reports, p. 83:
“In the incipient stage of a prosecution before an examining magistrate much less grounds of suspicion will induce him to bind over the accused for further hearing than will warrant either the grand jury to find a true bill or the petit jury to convict, and when the accused is discharged because a sufficient ground of suspicion has not been established against him, I can see no reason why such discharge should not furnish prima facie ground for an action against the prosecutor.”
I ought to remark here, however, that I do not commit the court to any decision on that subject; I speak only for myself. In a Massachusetts case there was another question raised about it, but I found it chiefly related to the effect of a conviction. The North Carolina doctrine related to the peculiar effect of the committing magistrate having found that there was not even ground to subject the party to an inquiry, and I am not sure that it is not fair ground *70 for saying, as between the parties, that it is evidence, not conclusive at all, but evidence that, there was no ground to bring an action. That however is my own personal^ view.
The case is remanded for a new trial.