JOHN H. McCOY, Respondent, *v.* THE MAYOR, ALDER–MEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Evidence — a properly addressed and post-paid letter will be presumed to have been received — the denial of its receipt by the plaintiff raises an issue for the jury.*

Proof of the mailing of a notice properly addressed and post-paid raises a presumption that it was received by the person to whom it was directed.

When such proof of mailing is met by the testimony of the plaintiff that the notice never reached him, the issue of fact thus raised should be submitted to the jury and not be decided by the court.

Appeal from a judgment in favor of the plaintiff entered upon a verdict directed by the court at circuit.

*David J. Dean*, for the appellant.

*Elliot Sandford*, for the respondent.

Bartlett, J. :

On December 16, 1880, the plaintiff, being then an excise inspector in the city of New York, was notified by the board of excise that he had been suspended without pay. After that date, although he was ready and willing to perform his duties as inspector,

the commissioners of excise refused to accept any service from him, or to give him any voucher or draft upon the comptroller for the payment of his salary, notwithstanding the fact that there were moneys in the city treasury derived from excise fees and sufficient to pay his claim. In the present suit, which was brought to recover his salary at the rate of $800 a year, from December 15, 1880, to June 15, 1882, the plaintiff proved these facts and rested. The defendants then put in evidence a resolution passed by the commissioners of excise on January 18, 1881, declaring that all persons suspended from duty and pay on December 15, 1880, were thereby removed, and that the removal should take effect from the time of the suspension. It was also proved that written notice of this action of the board of excise was sent to the plaintiff by enclosing the same in a post-paid envelope, addressed to the plaintiff at his residence, and depositing it in a lamp-post mail box. The plaintiff denied that he ever received the notice. Upon this state of the evidence, the counsel to the corporation asked that the case be submitted to the jury with a direction that they find a verdict for the salary accruing between December 15, 1880, and January 18, 1881, if they believed the plaintiff received notice of the resolution of the latter date. By making this motion, the defendants in effect conceded their liability up to the time when, if at all, the plaintiff was notified of his removal, but insisted that the resolution of January 18, 1881, if communicated to him, was at all events sufficient to remove him at that time, even if it could not relate back to the date of the alleged suspension. The motion, however, was denied, and the defendants duly excepted. The court subsequently directed a verdict for the plaintiff for the full amount claimed. We think the defendants should have been allowed to go to the jury upon the question whether the plaintiff received notice of the resolution of removal. Proof of the mailing of the notice properly addressed and post-paid raised a presumption that it had been received by the person to whom it was directed. (*Austin* v. *Holland*, 69 N. Y., 571–576 ; *Rosenthal* v. *Walker*, 111 U. S., 185, 193.) When such proof of mailing was met by the testimony of the plaintiff that the notice had never reached him, it was for the jury to pass upon the issue of fact thus raised. (*Huntley* v. *Whittier*, 105 Mass., 391.) The denial by the plaintiff should not have been accepted as conclusive.

For this error the judgment must be reversed, and a new trial be granted, with costs to abide the event. As one of the points made by the appellant is that the city was erroneously deprived of the right to open and close the case, we may add that we think the learned judge below ruled correctly in this respect. The answer did not admit all the material allegations of the complaint. The averment that the plaiutiff had been ready and willing at all times to perform the duties of his position was material to a statement of his cause of action, and was controverted by the second subdivision of the answer.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial granted, costs to abide event.