45  237
113  490

CALVIN GOODSPEED, IMPLEADED WITH GEORGE W. FALES v. THE SOUTH BEND CHILLED PLOW COMPANY.

*Partnership note after dissolution—Action for debt for which a note was given.*

A firm dissolved after ordering a lot of merchandise, but it was all forwarded before the assignors knew of the dissolution, and after they learned of it, they took a note, made in the firm name by the remaining partner, for the amount due. They afterwards brought suit against both partners on the common counts, and on the note. *Held* (1), that the retiring partner could not be held upon the note against his objection, as after the dissolution the other could not bind him; but (2) that an action on the common count for goods sold and delivered would lie against both for the debt.

Where a firm agreed to settle for merchandise with a note, and after dissolution a partnership note is given by the remaining partner, the other can repudiate his liability thereon, and if he is released, the vendor can treat the note as different from that agreed on, and it cannot then be regarded as payment.

Error to Ingham. Submitted Nov. 10. Decided Jan. 12.

ASSUMPSIT. Defendant Goodspeed brings error. Affirmed.

*M. V. & R. A. Montgomery* for plaintiff in error.

*Cowles & Cahill* for defendant in error.   The incapacity
of a partner to give the firm note after dissolution exists only
where it would be making a new contract :   Story on Partner-
ship § 328;  *Jenness v. Carleton* 40 Mich. 343;  and if the
note is invalid action, lies for the debt.    *Adler v. Foster*
39 Mich. 87.

GRAVES, J.   The Plow Company sued Fales & Goodspeed
on the common counts and on a promissory note bearing date
May 1st, 1879, subscribed "Fales and Goodspeed," and pur-
porting to have been made by them to the Company for
$281.37, payable September 1st after the date at the "Lansing
National Bank," with exchange on New York or Chicago,
and providing for interest at ten per cent per annum after
maturity and "attorney fees," and "waiving all relief what-
ever from valuation or appraisement laws."    Goodspeed
pleaded the general issue and denied under oath that the
note was executed by him or on his authority.    Fales seems
to have made no defence.    The jury found in favor of the
Company for $219, and Goodspeed brought error.

From some time prior to January 20, 1879, until the 13th
of February following, Fales and Goodspeed were co-partners
under the firm name of "Fales & Goodspeed," and carried on
business at Lansing.    On said 20th of January Fales, in the
firm name, made a written order on the Company for a quan-
tity of plows to be delivered on board cars at South Bend.
The order contained special terms.    One of the provisions
was in these words:  "We agree to make settlement with
four months' note, without interest until after maturity, made
payable at ——— Bank of Lansing, on receipt of your
monthly statement: provided we do not take the benefit of
your cash discount, in which case we agree to remit by the
15th of the month following the shipment."    The order was
accepted and the Company made four shipments; two in
January and two in March, amounting to $281.37.    Good-
speed had no personal knowledge of the order or of the ship-
ments.    February 13, 1879, the firm dissolved.    The Company
first learned of the dissolution in March, but not until after

the shipments.   In June following, an agent of the Company received from Fales, who subscribed it, the note before mentioned, on the account for the plows.   The agent, on taking the note, receipted and surrendered to Fales a statement of the account.

The circuit judge was of opinion that recovery upon the note was not allowable against objection on the part of Goodspeed, and this view was a correct one.   According to the record, when Fales gave the note he had no power to bind Goodspeed and make him liable as maker.   The agency necessary therefor ceased when the dissolution was effected. Moreover the note given was in substance not identical with the note provided for by the legal meaning of the firm agreement.   The Company by that agreement could not insist upon ten per cent. as the rate of interest to be inserted nor on a provision for exchange on New York or Chicago.

His objection against recovery on the note having been sustained, the plaintiff in error then urged that as the account was given up and the note taken with knowledge of the dissolution and of the facts, the account became cancelled and no recovery could be had on that.   This view was presented in requests for instructions, but the court rejected it and told the jury that if they were satisfied the goods were shipped in pursuance of the order before the dissolution of the partnership was known to the Company, they ought to allow for the goods so shipped.   The verdict was for the agreed price of the plows delivered, less a certain sum which had been paid.

It is now insisted that it was practicable for the Company to give up the account for a note taken in satisfaction of it, and that this was done without intervention of any fraud or misunderstanding; and that, although the note was given by Fales in the firm name without authority and was repudiated by Goodspeed, its reception and the delivery of a copy of the account receipted were sufficient to release Goodspeed from all liability and preclude recovery on the account.   It is impossible to assent to this position.   The controversy in all its parts is between the original parties.   No new interest has appeared, and it is part of Goodspeed's contention that

neither mistake nor fraud has affected the transaction. What then is the case? When the note was given, Fales and Goodspeed were joint debtors to the Plow Company for the plows as goods sold and delivered. They did not make payment in cash. But Fales gave this note as the joint obligation of the parties, and as such joint obligation the Company received it, and not otherwise. Whether this was business prudence is of no consequence. Each was liable for the whole consideration to the Plow Company, and Goodspeed might acquiesce in Fales' act in giving the note. The term of credit expired, but neither debtor paid the demand. The Company sued the debtors jointly and counted on the note, and also on the original consideration.

Goodspeed in substance refused to consider the note as payment. It was given and received as the joint note of Fales and Goodspeed and not as the separate note of Fales, and under Goodspeed's objection it failed to be such a note, and the effect in point of law on the right of the Plow Company to refuse to rest upon it, was just the same as though both debtors had repudiated it. With Goodspeed's liability stricken out it was not the note agreed upon, and the company were at liberty to treat it in that way. He refused to be bound by the note, and if he was not bound by it he could not make use of it to confine the Company to it and screen himself from all liability. These views are advanced under the assumption that Goodspeed's counsel was right in claiming that the note was passed and received by way of payment. Because if it was not so taken there could be no occasion to speak about the right to recover on the original consideration. No one in that court and on this record would doubt the regularity of such a recovery. The correctness of the assumption is not material. It is made for the purpose of meeting the position of the plaintiff in error.

The note fell through under Goodspeed's objection, but the debt remained and each was liable for the whole. The count for goods sold and delivered was maintainable. The authorities, if any are needed, are full and explicit. *Plimley v. Westley* 2 Bingham's N. C. 249; *Fry v. Hill* 7 Taunton

397; *Burden v. Halton* 4 Bing 454; *Hickling v. Hardey* 7 Taunton 312; *Farr v. Ward* 3 M. & W. 25; *Burchfield v. Moore* 3 El. & Bl. 683; 25 E. L. & E 123; 1 Saund. Pl. & Ev. 110; Benj. on Sales § 765; 2 Chitty on Contracts (11th Am. ed.) 615, and note and cases.

The result reached was correct in point of law, and the judgment must be affirmed with costs.

The other Justices concurred.