CALVIN GOODSPEED, IMPLEADED WITH GEORGE W. FALES v.
THE WIARD PLOW COMPANY.

*Contracts binding retiring partners—Orders for merchandise.*

A retiring partner is bound by all previous contracts made within the line of the business; but after the dissolution of the partnership he is not bound by any new contract made by his former partner.

An order for goods does not amount to a contract binding the person who gives it until some act is done on the faith of it by the person to whom it is given, or until it is accepted; and if it is above $50 the acceptance, in Michigan, must be in writing.

Where goods are ordered by one member of a firm, and the order has not been accepted, nor the goods shipped until after notice of its dissolution, and the shipment varies from the terms of the order, the retiring partner will not be bound by it.

If the conditions of an order given by a firm are waived, after the dissolution of the partnership, by the remaining partner, it will not bind the retiring partner.

Error to Ingham.    Submitted Nov. 10.    Decided Nov. 19.

ASSUMPSIT. Defendant Goodspeed brings error. Reversed.

*M. V. & R. A. Montgomery* for plaintiff in error.

*Cowles & Cahill* for defendant in error.

CAMPBELL, J.  Goodspeed and Fales prior to February 13, 1879, were partners in business, and on the 21st day of January preceding the dissolution, Fales, in the name of the firm, but in the absence of Goodspeed, and without his knowledge or authority, gave to an agent of the Wiard Plough Company an order in writing for a large number of articles connected with their business to be shipped on the first day of April thereafter.  On the 13th of February the firm was dissolved, and on the same day the agent was informed of the dissolution.  The price of the articles ordered was shown to be above $500.  On the 15th of February a portion of the articles were shipped, and the remainder, some

earlier and some later than April. All came into the hands of Fales. There was no proof of any other acceptance of the order than the shipment, unless the agent at the time of receiving the order made some arrangement on the subject, which is not shown.

On a suit against Goodspeed and Fales the court held that the shipment of goods and their reception by Fales bound Goodspeed, and that the fact that the time of shipment was different from that named in the order made no difference.

We think this was erroneous, and that there was no ground of recovery. A retiring partner is bound by all previous contracts made within the line of the business, but after dissolution he is not bound by any new contract made by his copartner.

The order given by Fales made no contract until accepted, and until acceptance could at any time be withdrawn. Inasmuch as the amount of goods exceeded fifty dollars, there could be no binding contract as against the Wiard Plough Company without either a writing or some act done on the faith of the order. Here there was no proof of acceptance of the order, in writing, if at all. The shipment of the goods was not made in accordance with the terms of the order, and was not made until the order had been rescinded by notice of the dissolution. Fales could not waive any of the conditions so as to bind Goodspeed, after the dissolution. The sale made was not the sale agreed upon if there was any agreement. The case is therefore doubly defective, in not showing any valid agreement at all, and in showing a departure from the agreement proposed. Either objection is fatal to a recovery.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.