JERRY R. HALL v. MATILDA HECK, ARTHUR HEMEL, AND VICTORIA ECKHARDT.

*Partnership—Notice of dissolution of firm—Liability of retiring member.*

Notice of the retirement of a member of a firm must be given to a regular customer of whom the firm, through its general manager, has been in the habit of purchasing goods in the usual course of its business, in order to relieve the retiring member from liability on firm notes executed by such manager after the dissolution in payment for such goods.

Error to Wayne. (Reilly, J.) Argued June 17, 1892. Decided July 1, 1892.

*Assumpsit.* Defendant Victoria Eckhardt brings error. Affirmed. The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for appellant.

*George W. Bates,* for plaintiff,

LONG, J. The defendants were partners in business under the firm name of Heck, Hemel & Eckhardt, in the city of Detroit. They were engaged in the planing-mill business, and bought their lumber from the Parsons Lumber Company, with whom they commenced doing business in December, 1888, and continued until July, 1889. They had a running account for this lumber, on which they were in the habit of giving notes. Henry Heck was the general manager and agent of the defendant firm. He signed all papers, did all business by express authority of the firm, and made its notes with the firm's knowledge and consent. This action is brought to recover upon three promissory notes made by Heck, Hemel & Eckhardt, by Henry Heck, to the Parsons

Lumber Company, and passed over by indorsements of that company to the plaintiff in this case. On the trial plaintiff had verdict and judgment for $2,040.70. Victoria Eckhardt alone brings error.

The declaration counted upon the three notes. Defendants pleaded the general issue, and gave notice that the notes were without consideration, and Mrs. Eckhardt gave notice that she was not a member of the firm on the dates when the notes were executed. Two of the notes are dated June 20, 1889, and the other June 25 of the same year. Mrs. Eckhardt claimed upon the trial:

1. That the notes were given to the Parsons Lumber Company without her knowledge or consent.

2. That she ceased to be a member of the firm prior to the giving of the notes in controversy.

She was called as a witness in her own behalf, and testified that she had been a member of the firm; that its affairs were managed by Henry Heck, the husband of Matilda Heck; that Henry Heck was authorized to buy lumber for the defendant company, and had the general management of its affairs. She also testified that she withdrew from the firm some time in May prior to the giving of these notes.

At the close of the testimony the court directed the jury:

"If you find that the defendants, composing the firm of Heck, Hemel & Eckhardt, made this paper, and delivered it to the Parsons Lumber Company in the usual course of business, they having previously dealt with the Parsons Lumber Company, and that the Parsons Lumber Company received it on account for money paid at the time, or on account of lumber, and that this paper was transferred to the plaintiff in this suit by the Parsons Lumber Company, the plaintiff is an innocent holder for value, and is entitled to a verdict for the amount due upon the notes.

"If the Parsons Lumber Company dealt with the de-

fendants under the name of Heck, Hemel & Eckhardt, and there was a dissolution previous to the making of these notes, it was incumbent upon the defendants to inform the Parsons Lumber Company of that dissolution in order to relieve the individual members of liability, either personally or by written notice, or any way that would inform the Parsons Lumber Company of the dissolution of the firm."

There was no proof in the case that the Parsons Lumber Company or the plaintiff had any notice or knowledge that Mrs. Eckhardt had retired from the firm prior to the time these notes were given, or that there had been a dissolution of the firm prior to such time. The court was therefore not in error in its charge to the jury upon the facts as they appeared upon the trial. According to Mrs. Eckhardt's own testimony, she had consented that Mr. Heck should have the entire management and control of the business, and the notes were given in the ordinary and due course of that business in the purchase of lumber for the benefit of the defendant firm. There was some testimony showing that at times Mr. Heck had money from the Parsons Lumber Company which was charged to the defendant firm in account, and a portion of the amount of these notes may have been made up by moneys so advanced; but this was in the usual course of their business, and the defendant firm had the benefit, not only of the lumber procured, but also of the moneys advanced. This had been the course of business between the parties, and presumably Mrs. Eckhardt had knowledge of the manner in which Mr. Heck conducted the business; but whether she had such knowledge or not, she having consented that Heck should have the entire control and management of it, she, as well as the other partners of the firm, was bound by his acts.

The question was very properly submitted to the jury

to determine whether the Parsons Lumber Company had notice or knowledge that Mrs. Eckhardt had retired from the firm prior to the time of giving these notes. The jury found in favor of the plaintiff upon that proposition. We see nothing in the case which should disturb the judgment.

Judgment affirmed, with costs.

The other Justices concurred.