## HIRAM W. SIBLEY AND ISAAC BEARINGER v. HOWARD H. PARSONS ET AL.

*Partnership—Retirement of member—Notice.*

*Actual* notice of the retirement of a member of a firm must be given to a party who has been in the habit of receiving the notes of the firm from a third party in the usual course of business, some of which have been paid in whole or in part, and others renewed, both before and after such retirement, in order to relieve the retiring partner from liability upon notes given in the old firm name by its managing partner after such retirement.

Error to Wayne. (Reilly, J.) Argued October 26, 1892. Decided December 2, 1892.

*Assumpsit.* Defendant Eckhardt brings error. Affirmed. The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for appellant.

*Tarsney & Weadock* (*Brennan & Donnelly,* of counsel), for plaintiffs.

LONG, J.　The plaintiffs declared in an action of *assumpsit* upon two promissory notes dated June 25, 1889.　These notes were for the sums of $200 and $271.11, and were to be paid in 40 and 50 days, respectively, after date.　The defendant Victoria Eckhardt filed an affidavit denying the execution of the notes.　She also gave notice under the general issue that she did not execute either of them; that they were given without consideration; and that she was not a member of the firm of Heck, Hemel & Eckhardt at the time the notes were made, and had not been a member of that firm since May 14, 1889.　The court below directed verdict in favor of the plaintiffs for the amount of the notes and interest.

The notes were executed by Heck in the name of the firm, Heck, Hemel & Eckhardt, and upon the day they bore date.　Mrs. Eckhardt was called as a witness in her own behalf, and testified that she was a partner in the firm up to May 18, 1889, when she sold out her interest to the other defendants in this suit for $300, which they gave her in notes, and that from that time forward she had nothing to do with the business.　She also testified that after she retired from the firm she advertised the fact in all of the Detroit papers.

The claim upon the part of the plaintiffs is (and this was shown upon the trial) that Mr. Heck was the general manager of the business of Heck, Hemel & Eckhardt, having full control of the financial affairs of the firm, which was carrying on its business in the city of Detroit.　In the business the firm notes were issued from time to time, Heck signing the firm name.　Several of these notes passed into the hands of the Parsons Lumber Company,

and by that company were turned over to the plaintiffs in this suit in the purchase of lumber; the plaintiffs living and carrying on their business in Saginaw.   The firm of Heck, Hemel & Eckhardt gave a note for $586.75, December 8, 1888, to Mr. Parsons, of the Parsons Lumber Company, which was indorsed by him over to the plaintiffs. December 20 another note, for $573.80, of like character, was indorsed over to plaintiffs.   On March 26, 1889, one for $550 was also indorsed to plaintiffs.   On February 24, 1889, the firm of Heck, Hemel & Eckhardt wrote the plaintiffs in reference to the note of December 8, sending a check to meet the amount of it.   March 26 the firm wrote the plaintiffs in reference to the note of December 20, sending a check for $175 to apply upon it, and a renewal note for the balance.   May 21 they again wrote the plaintiffs, inclosing three notes for renewal of the note of March 26. June 12 the firm wrote the plaintiffs, inclosing check for $150, to apply upon the notes; and on June 17 wrote again, inclosing check for $200, to apply upon the notes.

During all this time the plaintiffs had no information or advice that Victoria Eckhardt had retired from the firm.   They had not seen the notice published in the Detroit papers of the dissolution of the firm, and had taken these notes and renewals directly from the firm, as well as the notes in controversy here, in the usual and ordinary course of business.   Mrs. Eckhardt had intrusted the entire business of the firm to Mr. Heck, and must have known of the dealings of the firm with the plaintiffs up to the time she claims to have retired from the firm.   While she claims to have published a notice of dissolution in all the Detroit papers, there is no testimony showing or tending to show what this notice contained.

Under this state of facts the court very properly directed a verdict in favor of the plaintiffs.   Defendant Eckhardt cannot be heard to say, under the circumstances, that she

is released from liability upon these notes. Knowing the business transactions of the firm with the plaintiffs, and that Heck, for the firm, was placing renewal notes in their hands, and that the Parsons Lumber Company was turning out notes given by her firm to the plaintiffs, she was bound to give the plaintiffs notice of her retirement.[1] Pars. Partn. 413. She would have no right to rest upon the assumption that the plaintiffs would see the notice in the Detroit papers,—a hundred miles from their place of business; and upon the facts shown here it was her duty to have given them some actual notice of the fact of her retirement.

The rule is well stated in *Graves v. Merry,* 6 Cow. 701 (16 Amer. Dec. 471, and notes to this case), which holds that notice in a newspaper is sufficient as to such persons as have had no dealings with the firm; but, when persons have had dealings with the firm, such persons so dealing must have actual notice of the dissolution. This is the general rule.

Each case must depend largely upon its own peculiar state of facts; and the case here must be determined upon the facts contained in the record, which show that Mrs. Eckhardt owed a duty to the plaintiffs other than the publication of a notice in a newspaper a hundred miles away from their home and place of business.

Judgment must be affirmed, with costs.

The other Justices concurred.

---

[1] See *Hall v. Heck*, 92 Mich. 458.