99 409
s58NW 324
d130 222

CHARLES A. MORRILL v. FRANK BISSELL AND MURRAY K. BISSELL.

*Partnership—Dissolution—Liability of retiring partner—Assignment of account—Action by assignee—Pleading.*

1. Where, in a suit against two defendants as copartners, it appears that the plaintiff had dealt with the defendants at a time when it was admitted that a partnership existed; that no notice of dissolution had been given; that the business was

being conducted under the firm name at the time the goods, to recover the purchase price of which the suit is brought, were sold, the same as before the time one of the defendants claims to have retired from the firm; and that letters were written with the firm heading, and with said defendant's name appended thereto, as before the alleged dissolution,— said defendant remained as to the world, ostensibly, a partner, and is liable as such to the plaintiff.[1]

2. The assignment of an open account, upon which suit is brought by the assignee under How. Stat. § 7344, is sufficiently averred by attaching the assignment to the account, and both to the common-count declaration by which the suit is commenced, and serving copies of said papers on the defendant.[2]

---

[1]For cases bearing upon the question of the necessity of notice of the retirement of one partner in order to relieve him from liability on firm notes executed after such retirement, see:

1. *Hall v. Heck*, 92 Mich. 458, holding that notice of the retirement of a member of a firm must be given to a regular customer of whom the firm, through its general manager, has been in the habit of purchasing goods in the usual course of its business, in order to relieve the retiring member from liability on firm notes executed by such manager after the dissolution in payment for such goods.

2. *Sibley v. Parsons*, 93 Mich. 538, holding that actual notice of the retirement of a member of a firm must be given to a party who has been in the habit of receiving the notes of the firm from a third party in the usual course of business, some of which have been paid in whole or in part, and others renewed, both before and after such retirement, in order to relieve the retiring partner from liability upon notes given in the old firm name by its managing partner after such retirement.

[2]For cases bearing upon the questions of the necessity of averring the assignment of a chose in action in a suit thereon by the assignee under How. Stat. § 7344, the sufficiency of such averment, and the estoppel of the debtor to object on account of the absence of such averment, see:

*Necessity of averment.*

1. *Blackwood v. Brown*, 32 Mich. 104, 107, holding that where a husband brings suit in his own name, and for his own use, upon a due-bill belonging to his wife, he must allege an assignment, and prove the same upon the trial, to entitle him to recover.

2. *Cilley v. Van Patten*, 58 Mich. 404, holding that evidence of the assignment by each of two plaintiffs to the other of an interest in his claim for work and labor performed for the defendant, made to enable plaintiffs to bring a joint suit for said claims, is inadmissible under a common-count declaration, unaccompanied by a bill of particulars, and containing no averment that an assigned account or claim of any description would come in question in the suit.

3. *Warren v. Dwyer*, 91 Mich. 414, holding that a declaration in trover by an assignee need not aver the assignment of the right of action to enforce which the suit is brought.

4. *Peirce v. Closterhouse*, 96 Mich. 124, holding that an assignee

3. Where, in a suit brought to recover the amount due upon two open accounts, a copy of each account, and an affidavit of the amount due thereon, made pursuant to How. Stat. § 7525, are attached to the declaration filed as commencement of suit, and copies are served upon the defendant, who, in his counter affidavit, only refers to one of the accounts and affidavits, the remaining affidavit is *prima facie* evidence of the indebtedness therein sworn to.[1]

---

of an open account cannot recover thereon under a common-count declaration in which the assignment is not averred.

5. *Powell v. Williams*, 99 Mich. 30, holding that an assignee for the benefit of creditors, who sues to recover for goods sold and delivered by the assignor, should aver in his declaration the indebtedness of the defendant to the assignor for the goods, and the assignment of the claim by the assignor to the plaintiff.

### Sufficiency of averment.

1. *Draper v. Fletcher*, 26 Mich. 154, holding that the assignment is sufficiently pleaded by averring that the plaintiff is the owner and holder of the agreement upon which the suit is brought.

2. *Snell v. Gregory*, 37 Mich. 500, holding that a bill of particulars attached to a common-count declaration, showing the assignment to the plaintiff of the interest of a co-contractor in the agreed balance found due the contractors on a settlement had with the defendants, to recover which the suit is brought, renders unnecessary a special averment of the assignment; citing *Kelly v. Water_s*, 31 Mich. 404.

3. *R ose v. Jackson*, 40 Mich. 30, holding that an allegation of the assignment in the consolidated common counts will not support a recovery upon a special count in which it is not averred, nor will a mere additional allusion to the assignment in the special count be sufficient.

4. *Brewing Co. v. McKittrick*, 86 Mich. 191, holding that in *Bank v. Purdy*, 56 Mich. 6; *Altman v. Rittershofer*, 68 Id. 287; *Altman v. Fowler*, 70 Id. 57; *Wright v. Traver*, 73 Id. 493; *Bank v. Wheeler*, 75 Id. 546,—the suit was brought by an indorsee of the instrument sued upon, who failed to recover because it was not a promissory note negotiable under the law-merchant, and the declaration failed to allege title in the plaintiff by assignment, the indorsement on the back of the contract being held insufficient to transfer title, or to operate as an assignment of the contract.

### Estoppel of debtor to object for want of averment.

*Webster v. Williams*, 69 Mich. 135, holding that a justice's judgment in favor of the assignee of an account is valid, if not appealed from, although proof of the assignment was admitted, against defendant's objection, without an averment of such fact in the declaration.

[1] For cases bearing upon the proper construction of and practice under How. Stat. § 7525, which provides that, in all actions brought to recover the amount due on an open account or on an account stated, if the plaintiff, or some one in his behalf, shall make an affidavit of the amount due, as near as he can estimate the same, over and above all legal set-off, and annex thereto a copy of the account, and cause a copy of the affidavit and account to be served upon the defendant, with a copy of .the declaration

Error to Delta.   (Stone, J.)   Submitted on briefs March 8, 1894.   Decided March 20, 1894.

*Assumpsit.*   Defendant Murray K. Bissell brings error. Affirmed.   The facts are stated in the opinion.

*Mead & Jennings,* for appellant.

*T. B. White,* for plaintiff.

LONG, J.   Plaintiff, doing business as C. A. Morrill & Co., commenced an action of *assumpsit* in the circuit court for the county of Delta upon an account for goods sold and delivered.   The suit was by declaration upon the common counts.   Annexed to the declaration was a statement of account, with an affidavit attached, stating that

_____

filed in the cause, or with the process by which the action is commenced, such affidavit shall be deemed *prima facie* evidence of said indebtedness, unless the defendant, with his plea, shall, by himself or agent, make an affidavit, and serve a copy thereof on the plaintiff or his attorney, denying the same; and if the defendant shall give notice, with his plea, of a set-off founded upon an open account or upon an account stated, and shall annex to such plea and notice a copy of such account, and an affidavit made by himself, or by some one in his behalf, showing the amount or balance claimed by the defendant upon such account, and that such amount or balance is justly owing and due to the defendant, or that he is justly entitled to have such account, or said balance thereof, set off against the claim made by said plaintiff, and shall serve a copy of such account and affidavit, with a copy of such plea and notice, upon the plaintiff or his attorney, such affidavit shall be deemed *prima facie* evidence of such set-off, and of the plaintiff's liability thereon, unless the plaintiff, or some one in his behalf, shall, within 10 days after such service in causes in the circuit court, and before trial in other cases, make an affidavit denying such account, or some part thereof, and the plaintiff's indebtedness or liability thereon, and serve a copy thereof upon the defendant or his attorney, and, in case of a denial of part of such set-off, the defendant's affidavit shall be deemed to be *prima facie* evidence of such part of the set-off as is not denied by the plaintiff's affidavit,—see:

1. *McHugh v. Butler,* 39 Mich. 185, holding that the statute, in permitting the use of an affidavit to operate as *prima facie* evidence on the trial that there existed a cause of action to the amount sworn to when the suit was commenced, must be considered as intending that the oath must be at least substantially contemporaneous with the institution of the suit; and that an affidavit made seven days before the institution of the suit is of no force.   (Since this decision was made, the statute has been amended

it was a true copy and statement of an open account against Frank Bissell and Murray K. Bissell, formerly copartners in business under the firm name of Bissell Bros.; that there was then due to said C. A. Morrill & Co., the purchasers of said account, over and above all legal set-offs, the sum of $25.20. Annexed to this statement was also an assignment of the account from R. Stafford Co. A further account was annexed, of $157.75, with C. A. Morrill &. Co., with a similar affidavit attached.

The plea was the general issue, with notice that Murray K. Bissell was not a copartner in business with Frank Bissell at the time the debt was contracted, and had not been for a long time prior thereto; that plaintiff had notice

---

by providing that an affidavit shall be deemed sufficient if made within 10 days next preceding the issuance of the writ, or filing of the declaration or plea.)

2. *Locke v. Farley,* 41 Mich. 405, holding that where the account and affidavit of amount due are. not met by a counter affidavit, and are received and read in evidence and regularly incorporated as matter of proof on the part of the plaintiff, without objection, and he thereupon rests his case, the defendant cannot afterwards raise the point that no sufficient proof of indebtedness has been given, even though the affidavit fails to meet the requirements of the statute.

3. *Gordon v. Sibley,* 59 Mich. 250, holding:

*a*—That the statute does not require the affidavit of amount due to be filed with the justice of the peace before whom the suit is commenced, but, to make it operative, it must be introduced in ·evidence, and, until so introduced, the defendant is not called upon to object to its sufficiency or regularity or to the return of service; but if he has appeared, and is present in court when the affidavit is introduced, and is silent, he waives all such objections.

*b*—That a return which fails to show service of a copy of the affidavit of amount due with the process by which the suit was commenced, if objected to, is insufficient to authorize the introduction of the original affidavit in evidence.

4. *McGowan v. Lamb,* 66 Mich. 615, holding that the service on the plaintiff or his attorney of a copy of defendant's plea and notice of set-off, with a copy of the account and of the affidavit of amount due thereon, is a condition precedent to the acceptance of such affidavit as *prima facie* evidence of said set-off, and of plaintiff's liability thereon.

5. *Bjorkquest v. Wagar,* 83 Mich. 226, holding that where, after proving the amount due on an open account by the admissions of the debtor, an affidavit of the amount due on said account is received in evidence against the objection of the defendant, the reception of such evidence, even if inadmissible, is non-prejudicial error.

thereof; and that, if said goods were purchased, they were bought by Frank Bissell individually, and upon his sole account.    An affidavit of Murray K. Bissell was attached to this notice, denying that the copy of the account was a true and correct statement of the account of the plaintiff against him, and denying that there was due from him to the plaintiff any sum whatever.

On the trial the court directed a verdict in favor of the plaintiff for the amount claimed.

The first assignment of error relates to the objection to the introduction of certain evidence under the declaration, on the ground that it does not aver the assignment of that part of the account transferred by R. Stafford Co. There was no error in the admission of testimony. It is true that it has been held that, in *assumpsit* upon the common counts, a plaintiff who sues as assignee must allege the assignment in the declaration, and prove it; but here the assignment was attached to the account, and the account and assignment annexed to the declaration by which the suit was commenced, and served upon the defendants.    This constituted the plaintiff's bill of particulars, and was a part of the declaration, rendering it unnecessary further to aver the assignment in the declaration.    *Snell v. Gregory,* 37 Mich. 500; *Kelly v. Waters,* 31 Id. 404.

The affidavit and statement of R. Stafford Co.'s account are not denied or referred to in the affidavit of Murray K. Bissell, and therefore became *prima facie* evidence of the correctness of the account.    How. Stat. § 7525.

It appears that the plaintiff had dealt with the firm of Bissell Bros. at a time when it was admitted that a partnership existed.    No notice of dissolution is shown to have been given.    The business was conducted under the name of Bissell Bros. at the time the goods were sold, the same as before the time Murray K. claims to have gone out of

the firm. Letters were written with the heading of Bissell Bros., and with M. K. Bissell's name appended thereto, as before the time of the claimed dissolution; and to the world he was, ostensibly, a partner. The court very properly directed the verdict in favor of the plaintiff. We find no error in the record.

Judgment affirmed.

The other Justices concurred.