### EDWARDS v. WHEELER'S ESTATE.

PARTNERSHIP—CHANGE TO CORPORATION—NOTICE.

A partnership had dealt with plaintiff, using in their correspondence letterheads giving the firm name and the names of the partners. The firm removed to another city, and, under

a letterhead giving the names of president, vice-president, and secretary, wrote plaintiff that delay had been caused by a reorganization of the company, and that they did not want to incur any further liability until the matter was fully settled. A few days later a corporation was formed, using the same name as the firm, and thereafter bought goods of plaintiff. *Held*, that there was sufficient evidence to justify a finding that plaintiff had actual knowledge of the change in the contracting party, and could not recover for the goods against an individual partner's estate.

Error to Kent; Perkins, J. Submitted January 29, 1902. (Docket No. 103.) Decided March 26, 1902.

Robert Edwards and Adam Lungen presented a claim against the estate of Austin K. Wheeler, deceased, for goods claimed to have been sold and delivered to a partnership of which decedent was a member. The claim was disallowed by the commissioners, and claimants appealed to the circuit court. From a judgment for defendant, claimants bring error. Affirmed.

*Maher & Salsbury,* for appellants.

*Taggart, Denison & Wilson,* for appellee.

Montgomery, J. This case comes before the court on exceptions to findings of fact, and on assignments of error based upon the conclusions of law. The evidence taken upon the trial is not made a part of the record. It appears from the findings that Albert E. Waggoner and the deceased, Austin K. Wheeler, were engaged in business at Muskegon, Mich., manufacturing and selling a watchman's electric clock, under the firm name of the Waggoner Watchman Clock Company. This clock was invented by Albert E. Waggoner, and he had assigned a half interest in the invention to Austin K. Wheeler. The claimants were manufacturing electricians in New York City. It appears that in November, 1899, a letter was written to claimants, signed by the Waggoner Watchman Clock Company, by W. B. Waggoner, manager, asking

for figures on the cost of manufacturing clocks. This letter was written under a letterhead bearing the words: "Waggoner Watchman Clock Co.,Manufacturers of Waggoner's Watchman Clock. A. E. Waggoner, Austin K. Wheeler." After this letter was written, the business was moved to Grand Rapids, and a new style of letterhead was adopted, containing the following words: "Austin K. Wheeler, President; A. E. Waggoner, Vice-President; W. B. Waggoner, Secretary and Treasurer. The Waggoner's Watchman Clock Co., W. B. Waggoner, Manager." On November 22d, using the last-named letterhead, Waggoner wrote:

"You will note from our letterhead that we have moved our headquarters from Muskegon to Grand Rapids. Are now ready to do business in a business way. * * * [Signed] "THE WAGGONER'S WATCHMAN CLOCK Co., "By W. B. WAGGONER, Manager."

On December 15th, using the same new form of letterhead, a letter was written containing the following:

"This matter has been delayed, owing to the reorganization of our company, which will put it on a thoroughly substantial business foundation; and we do not want to incur any further liabilities until this matter has been fully settled, which we hope will be in a few days."

On December 23d a corporation was organized under the laws of Michigan, under the name of the Waggoner's Watchman Clock Company. On December 30th, using the same new form of letterhead, the Waggoner's Watchman Clock Company wrote claimants, directing them to book an order for the parts of 50 clocks, at the price of $17.25 each, etc. There had been a previous transaction between the parties while the copartnership was engaged in business at Muskegon.

The question presented for decision below and here is whether the obligation was an obligation of the copartnership or of the corporation. It is the contention of the claimants that no sufficient notice of the termination of

the partnership was given to the claimants. The circuit judge found, however, as matter of fact:

"The goods and merchandise, the purchase price of which is the subject-matter of this claim, were neither ordered by nor received by the partnership of which Mr. Wheeler was a member, but were ordered by and received by the corporation formed on December 23d.

"The deceased received no benefit from such purchase, or from the contract with claimants, except such as may have accrued to him as a stockholder of the corporation.

"The contract of the purchase and sale involved in this claim was a contract between the claimants and the corporation formed on December 23d.

"The claimants had notice of facts sufficient to put them on inquiry whether the order for these goods, sent to them on December 30th, was the order of the same partnership with which they had been dealing, or was not the order of such partnership, but of some different organization."

"These findings would apparently be sufficient, in the absence of any return of the testimony, to justify an affirmance of the case. But if we assume that these findings are deductions, simply, from the previous facts set out in the findings, the same result, we think, should follow. The new letterhead was an indication that a new institution was being formed, in which Wheeler was designated as president, A. E. Waggoner as vice-president, and W. B. Waggoner as secretary and treasurer and as manager. This, taken in connection with the express notice contained in the letter of December 15th that the delay in ordering was occasioned by the reorganization of the company, was, in our view, sufficient actual notice of the change in the contracting party to put the claimants on inquiry,—in fact, was sufficient of itself to apprise them that it was a new concern that proposed to contract.

The cases relied upon by claimants' counsel as furnishing support for their claim, namely, *Morrill* v. *Bissell*, 99 Mich. 409 (58 N. W. 324); *Hall* v. *Heck*, 92 Mich. 458 (52 N. W. 749); *Sibley* v. *Parsons*, 93 Mich. 538 (53 N. W. 786); and *Tousignant* v. *Iron Co.*, 96 Mich. 87

(55 N. W. 681),—are clearly distinguishable from the present. The substance of the holding in these cases is that, as to parties with whom the copartnership has dealt, it is necessary to bring home to them notice of a change in the copartnership, in order to relieve a retiring partner. This is a well-understood rule. But in the present case, according to the finding of facts, such notice was brought home to the claimants, and there was sufficient in the evidentiary facts found to justify this finding of the ultimate fact by the trial court.

The judgment, which was in favor of the estate, will be affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.