E. BEMENT & SONS v. ROCKWELL.

(Supreme Court, Appellate Division, Third Department. March 2, 1904.)

1. CONTRACTS—ORDER—ACCEPTANCE.

Where defendant ordered of plaintiffs a number of cultivators for future delivery, but, before acceptance, canceled the order, there was no contract.

2. SAME—TRIAL—MOTION FOR NONSUIT—GROUNDS.

In an action in contract in a justice's court, a motion for nonsuit on the ground that the evidence did not establish a cause of action, or the cause of action set forth in the complaint, and that it appeared that the contract was legally rescinded, raised the point that there was no contract, because the order on which the alleged contract was founded had been canceled before acceptance.

Appeal from Chemung County Court.

Action by E. Bement & Sons against George W. Rockwell. From a judgment for plaintiffs, defendant appeals. Reversed.

Upon the 20th day of December, 1893, the defendant gave to the agent of the plaintiffs an order addressed to the plaintiffs, and requested them to make and ship to him, "About April 1st, 8 Lever Ajax Cults., comp. extended, $4.25." This order was signed by the defendant. Upon January 1, 1894, the defendant wrote to the plaintiffs a letter, of which the following is a copy:

"E. Bement & Sons, Lansing, Mich.—Gentlemen: When your Mr. Forster was here I had a sample cultivator ordered and since that time I have set it up and find it equally good as the Ajax and the price 25 cents less. If you care to make the price the same on my order of December 20th, viz: 8 Lever Ajax cultv. complete at $4.00 4 Mos. June 1st, or five per cent. July 1st, you can fill the order, otherwise you may cancel it. Awaiting your early answer, I am,

　　　　"Very truly,　　　　　　　　　　　　　　George W. Rockwell."

Other correspondence was had between the parties, resulting in the absolute refusal of the defendant to take the goods, and the refusal of the plaintiffs to accept the cancellation of the order. Thereafter the plaintiffs shipped the goods to the defendant, which were not accepted by the defendant, and this action was brought in justice's court for the purchase price thereof. In justice's court the plaintiffs were nonsuited. This judgment of nonsuit was by the county court reversed, without opinion. From the judgment of reversal, the defendant has appealed to this court.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Richard H. Thurston, for appellant.
Dailey & Bentley, for respondents.

SMITH, J. We cannot agree with the learned county judge that a cause of action was proven in justice's court. The order for goods was delivered to the plaintiffs' agent upon December 20th. Upon January 1st, before there had been any act upon the part of the plain-

¶ 1. See Sales, vol. 43, Cent. Dig. §§ 45, 46.

tiffs signifying acceptance of such order, this order was revoked. It is unquestioned law that an order unaccepted constitutes no contract, and, until its acceptance by the party upon whom the order is drawn, the right of revocation is clear. The party upon whom the order is drawn may refuse to accept the order or deliver the goods, and, until his acceptance thereof, there can be no liability upon his part. It follows, therefore, that there can be no liability upon the party giving the order until the acceptance. In McCormick Harvesting Machine Co. v. Richardson, 89 Iowa, 525, 56 N. W. 682, it is held:

"An order or request in writing addressed to a dealer or his agent to ship to the writer, on or about a day named, goods of a kind specified, for which the writer agrees to pay a price named, does not constitute a contract until accepted or acted upon by the vendor, and may be withdrawn at any time before acceptance."

In Bronson v. Herbert, 95 Mich. 478, 55 N. W. 359, it is held:

"An order to ship trees given to an agent does not become a binding contract between the orderer and the principals until accepted by them in writing, and notice is given to the orderer of such acceptance.".

In Goodspeed v. Wiard Plow Co., 45 Mich. 322, 7 N. W. 902, it is held:

"An order for goods does not amount to a contract binding the party who gives it until some act is done on the faith of it by the person to whom it is given, or until it is accepted."

In that case, prior to February 13, 1879, one Goodspeed and Fales were partners in business. On the 28th day of January preceding the dissolution, Fales, in the name of the firm, but in the absence of Goodspeed, and without his knowledge or authority, gave to the agent of the Wiard Plow Company an order in writing for a large number of articles connected with their business, to be shipped on the 1st day of April thereafter. On the 13th of February the firm was dissolved, and on the same day the agent was informed of the dissolution. On the 15th of February a portion of the articles were shipped, and the remainder thereafter, all coming into the hands of Fales. There was no proof of any other acceptance of the order than shipment. The trial court held that Goodspeed was bound by the contract. This was reversed by the Supreme Court upon the ground that the order, not having been accepted until after dissolution, was a contract made after the dissolution, and not before. The opinion, in part, reads:

"The order given by Fales made no contract until accepted, and, until accepted, could at any time be withdrawn. Inasmuch as the amount of goods exceeded fifty dollars, there could be no binding contract, as against the Wiard Plow Company, without either a writing, or some act done on the faith of the order. Here there was no proof of acceptance of the order in writing, if at all."

It will thus be seen that in this case an order given to an agent of the plaintiffs 25 days before dissolution, and not accepted at that time, was deemed not to have been binding upon them as a contract until the acceptance thereof. In Weiden v. Woodruff, 38 Mich. 130, the headnote reads:

"Assumpsit was brought upon the following instrument: '[Date and address.] You will please send me galvanized lightning rods for my house within 60 days for which I will give you 35 cents per foot, due when work is completed. [Signature.]' Held, that this was only an order, which the maker,

until notified of its acceptance, could withdraw, and which bound neither party until accepted, and that the rule excluding parol evidence to modify written contracts did not apply to it, so as to exclude evidence of oral agreements entered into when the order was given."

But this rule of law is not seriously questioned in the brief of the respondents. His contention is that this objection cannot be for the first time raised upon appeal. The motion for the nonsuit, however, in the justice's court, was made upon the ground that the evidence did not establish a cause of action, and, further, that the evidence did not establish the cause of action set forth in the complaint, and, further, that the evidence shows that the contract was legally and properly rescinded by the defendant. We think this is sufficient to fully raise this question in the court below, and that the defendant may now rely upon the same in support of his contention.

We are of opinion, therefore, that the judgment was improperly reversed by the county judge, and that the judgment of the county court should be reversed, and that of the justice affirmed, with costs to the appellant in this court and in the county court. All concur; PARKER, P. J., and HOUGHTON, J., in result.