# OCTOBER TERM, 1905.*

SMITH & CHENEY CO. *v.* SCHMIDT.

1. PARTNERSHIP — MEMBERS — SALES TO FIRM — KNOWLEDGE OF SELLER.

   In an action against partners for the price of goods purchased by one of them for the firm, testimony by the seller's agent, who visited the firm's place of business and took the order, that, at the time the order was given and received, defendants composed the partnership, implies knowledge on the part of the seller that defendants were members of the partnership, and makes a case for the jury, notwithstanding testimony by one partner that he was not a member of the firm at the time the order was given.

2. SAME—AUTHORITY OF PARTNERS.

   One of the partners of a firm engaged in the sale of merchandise has power to bind the partnership by giving an order for the purchase of goods to be sold in the firm's business.

3. SAME—DISSOLUTION OF FIRM—LIABILITY OF PARTNER—NOTICE.

   Where a member of a mercantile firm gives an order for goods during the continuance of the partnership, the subsequent dissolution of the firm is no defense by the retiring partner, in the absence of actual notice to the seller, or knowledge of facts sufficient to put him on inquiry as to the dissolution of the firm prior to the shipment of the goods.

Error to Wayne; Hosmer, J. Submitted October 10, 1905. (Docket No. 27.) Decided November 21, 1905.

Assumpsit by the Smith & Cheney Company against Frank J. Schmidt and William D. Parkins, copartners as the Harvard Hat Company, for goods sold and delivered. There was judgment for plaintiff against defendant Parkins only, and plaintiff brings error. Reversed.

---

* Continued from Vol. 141.

The defendants were copartners, under the name of the Harvard Hat Company. In April, 1903, Parkins bought out Schmidt, and continued the business under the same name. On November 16, 1902, plaintiff, through its agent and traveling salesman, a Mr. Hanson, received an order from the defendants for goods of the value of $120 for May delivery. The goods were shipped as agreed, and received by defendant Parkins. The bill not being paid, plaintiff sued the copartners. Plaintiff's testimony was by deposition, taken in Boston, Mass. The president of the plaintiff testified that he knew who composed the Harvard Hat Company at the time the order was received, and that it was Frank J. Schmidt and William D. Parkins. Mr. Hanson, who took the order, at the business place of defendants in Detroit, testified that the order was given to him by Mr. Parkins, and that the Harvard Hat Company at that time was composed of Frank J. Schmidt and William D. Parkins. The defendant Schmidt testified that he sold out to Mr. Parkins on the 14th day of April, that he never heard of this order until several months after he had left the firm, and that the order did not appear on their books at that time. The court directed a verdict for the defendant Schmidt.

*Graves & Hatch*, for appellant.

*George B. Greening*, for appellees.

GRANT, J. (*after stating the facts*). The circuit court was in error. The witnesses testified positively that, when the order for the goods was given and received, the defendants composed the copartnership. This testimony implied knowledge. It was given by one who had visited the firm's place of business and had taken the order. One of the partners had a right to give the order and bind the partnership. Whether the other partner knew it or not is immaterial. Having given the order when they were partners, it is no defense that, in the absence of notice of dissolution, the goods were shipped after the partners had

dissolved and defendant Schmidt had retired.    No notice of the dissolution was given to the plaintiff.    Actual notice or knowledge of the facts sufficient to put plaintiff upon inquiry was necessary.    The giving and taking of the order when the defendants were partners constituted a dealing with the firm which entitled plaintiff to actual notice.    1 Lindley on Partnership, p. 213; 22 Am. & Eng. Enc. Law (2d Ed.), p. 177; *Burgan* v. *Lyell*, 2 Mich. 102; *Hall* v. *Heck*, 92 Mich. 458; *Sibley* v. *Parsons*, 93 Mich. 538; *Elkinton* v. *Booth*, 143 Mass. 479.

Where goods were ordered before dissolution, but shipped after dissolution, without any change in the terms of the order, defendants were held liable.    *Goodspeed* v. *South Bend Chilled Plow Co.*, 45 Mich. 237.    But where goods were ordered before dissolution, and the goods shipped after dissolution, but on different terms from the original order, the retiring partner was held not bound, as it created a new contract.    *Goodspeed* v. *Wiard Plow Co.*, 45 Mich. 322.

Judgment reversed, and new trial ordered.

MOORE, C. J., and MCALVAY, BLAIR, and OSTRANDER, JJ., concurred.